CHURCH'S ENGLISH SHOES, Ltd., Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 140, Docket 23764.

United States Court of Appeals Second Circuit.

Argued Dec. 15, 1955.

Decided Feb. 7, 1956.

Paul V. Wolfe, New York City (William F. Mosca, Brooklyn, N. Y., of counsel), for petitioner.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson and Louise Foster, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

Petitioner, engaged in the business of selling imported shoes at retail, purchased from its parent company in 1935 a shipment of shoes on credit. The invoice cost of the shoes in pounds sterling was 2,482-3-2. The equivalent in dollars at the then rate of exchange was $12,063.30; and petitioner took the goods into inventory at that amount. The shoes were sold in due course not later than 1937 and it does not appear whether this particular shipment was disposed of at a gain or loss. But, over the years, petitioner lost money in practically every fiscal year, which may explain why the debt to the parent company remained unliquidated for so long. In any event, the debt was paid in 1947, with pounds sterling bought for $10,000, and in that year petitioner's business did not again operate in the red. The Tax Court has held that there were two separate transactions here, the first a purchase of shoes, the second a purchase of foreign exchange. Bowers v. Kerbaugh-Empire Co., 271 U.S. 170, 46 S.Ct. 449, 70 L.Ed. 886, has no application because here there is no showing that the merchandise purchased in 1935 was sold at a loss. Proof that petitioner lost money generally in 1935 and 1936 will not suffice. On these points we adopt the reasoning of the Tax Court. And see Helburn, Inc., v. Commissioner, 1 Cir., 214 F.2d 815.

Other contentions not discussed in Judge Harron's opinion but relied on in argument before us are: the alleged applicability of "the tax benefit theory," citing Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, and that the "gain" was not taxable, "because the balance sheet improvement did not result in the freeing of assets," since, despite the operating profit in the fiscal year 1947, petitioner remained insolvent, citing Dallas Transfer & Terminal Warehouse Co. v. Commissioner, 5 Cir., 1934, 70 F.2d 95, and other cases. Suffice it to say that we think petitioner's reliance on these tenuous and farfetched contentions is misplaced; we find no merit in either of them.

Affirmed.