## AMERICA-SOUTHEAST ASIA CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51848.   Filed April 30, 1956.

*William M. Pollack, Esq.*, for the petitioner.
*James J. Quinn, Esq.*, for the respondent.

#### OPINION.

RICE, *Judge:* This proceeding involves a deficiency in income tax for the year 1949 in the amount of $12,450.25.

The only issue is whether the gain realized by petitioner from the repayment of a debt owed in British pounds sterling, incurred in its trade or business, with devalued pounds sterling is taxable as ordinary income or as a short-term capital gain.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

Petitioner is a New York corporation with its principal place of business in the City of New York. It filed its corporate income tax return for the calendar year 1949 with the former collector of internal revenue for the second district of New York. It kept its books and reported its income on an accrual method of accounting.

From June 17 through July 26, 1949, petitioner purchased burlap from five different shippers in India for shipment to the United States during August and September 1949. The purchases were payable in British pounds sterling and were for use in the ordinary course of petitioner's business.

The payment for each purchase was to be made with a letter of credit, opened by petitioner in favor of each shipper, payment to be in British pounds sterling for the amount of the purchase price of the burlap and including the cost of prepaid freight. On August 11, 1949, petitioner opened separate letters of credit with the Bank of Nova Scotia in favor of each shipper in a total amount of 23,765/13/8 British pounds sterling. Such letters of credit were established with a like amount of pounds sterling which petitioner borrowed from the bank. The letters of credit were forwarded by the Bank of Nova Scotia to the respective shipper and authorized each shipper to draw upon said bank at its London office by a 4-month sight draft for the requisite number of pounds sterling in payment of the merchandise shipped to petitioner.

In accordance with the provisions of each sales contract, the shippers delivered the bales of burlap to the ship, obtained a bill of lading, and thereafter presented such bill of lading, together with the invoice and other shipping documents and its negotiable draft drawn against the respective letter of credit, to the Bank of Nova Scotia which accepted and paid such drafts. Upon payment of the drafts, petitioner entered the cost of the burlap on its books by converting the pounds sterling to United States dollars at the then current rate of exchange— $4.04 per pound. The total amount so charged to purchases for all of the burlap was $96,013.33. At the same time, corresponding entries were made on petitioner's books reflecting its debt to the Bank of Nova Scotia in the total amount of 23,765/13/8 pounds or $96,013.33.

On September 18, 1949, the British pound sterling was devalued. From October 21 to November 10, 1949, the rate of exchange was $2.80¼ per pound. During this period, petitioner discharged its obligation to the Bank of Nova Scotia by purchasing 23,765/13/8 pounds sterling at a total cost of $66,603.32.

At the end of the calendar year 1949, petitioner debited acceptances payable in the amount of $96,013.33; credited cash in the amount of $66,603.32; and credited the difference, $29,410.01, to earned surplus. On its corporate income tax return for such year, it likewise credited the $29,410.01 to surplus and did not report such sum as a taxable gain.

In his deficiency notice, the respondent made the following determination:

(a) It is held that the difference of $29,410.01 between the cost of borrowed British pound sterling to purchase merchandise, at the rate prevailing when the purchases were made and the cost of British pounds sterling purchased after devaluation of the pound, to satisfy the indebtedness constituted ordinary income, or in the alternative, that the difference constituted a short-term capital gain.

At the hearing, petitioner agreed, on the authority of *Willard Helburn, Inc.*, 20 T. C. 740 (1953), affd. 214 F. 2d 815 (C. A. 1, 1954), that the gain which it realized from the repayment of its debt to the Bank of Nova Scotia in devalued pounds sterling was a taxable gain. In that case, we held that the taxpayer realized taxable gain when he borrowed pounds sterling to purchase lambskins and later repaid his debt with devalued pounds sterling. We did not decide the issue before us here of whether the gain was taxable as ordinary income or as a capital gain.

Petitioner argues that its borrowing of pounds sterling from the Bank of Nova Scotia with which to make purchases of burlap was a separate and distinct transaction in foreign exchange and that it was thus a trader in foreign exchange, and is entitled to compute its gain on such transaction under the provisions of the Code applicable to

gains on short sales. Petitioner argues that there is no fundamental difference in the foreign exchange transaction here and the ordinary short sale of foreign exchange by an ordinary trader therein. It says that when it borrowed pounds sterling from the Bank of Nova Scotia and purchased burlap it,.in effect, made a short sale of pounds sterling which was covered by the pounds it borrowed from the bank and that when it later repaid the pounds so borrowed, the short sale was completed.

In support of his determination that the gain in question is taxable as ordinary income, the respondent argues.that the petitioner was not an investor or speculator in foreign exchange but "that the debt which gave rise to the gain in question was merely an incident in petitioner's business of importing and selling burlap"; and that "while the events here may be viewed as two separate transactions they certainly are not unrelated. The foreign exchange transaction was an integral part of the petitioner's ordinary business dealings," and the gain therefrom is taxable as ordinary income. In support of that argument, he cites *Corn Products Co.* v. *Commissioner*, 350 U. S. 46 (1955) ; and *Church's English Shoes, Ltd.*, 24 T. C. 56 (1955), affd. 229 F. 2d 957 (C. A. 2, 1956). We think the respondent's determination was correct.

We, of course, agree that petitioner entered into two transactions— one, a purchase of burlap, and the other a transaction in foreign exchange. *Church's English Shoes, Ltd., supra; Willard Helburn, Inc., supra; Joyce-Koebel Co.*, 6 B. T. A. 403 (1927) ; and *Bernuth Lembcke Company, Inc.*, 1 B. T. A. 1051 (1925). But the nub of its argument here is that because there were two transactions, the gain in question must be taxed as a capital gain, since it was a dealer in burlap and not a dealer in foreign exchange. We do not think that necessarily follows. While we recognize the presence of two transactions and agree with petitioner that there is a marked similarity to its trading in foreign exchange and a short sale, we think the fact of overriding importance here is that petitioner's transaction in foreign exchange was an integral part of its ordinary trade or business and that the gain in question must, therefore, be taxed as ordinary income realized in such trade or business. *Corn Products Co.* v. *Commissioner, supra*. The end result of petitioner's purchase of burlap with borrowed pounds sterling was that it was able to purchase burlap worth $96,013.33 and subsequently settle the debt which it owed for $66,603.32. We are satisfied that the resulting gain, while measured by the difference in the value of pounds sterling at the time they were borrowed and the value when they were repaid, is a gain arising directly out of petitioner's trade or business from the.settlement of a debt incurred therein for less than its face amount. Such gain must consequently be taxed as ordinary income. *Church's English Shoes,*

*Ltd., supra.* See *United States* v. *Kirby Lumber Co.*, 284 U. S. 1 (1931) ; *Jacob M. Kaplan*, 21 T. C. 134 (1953) ; *Spear Box Co.*, 13 T. C. 238 (1949), affd. 182 F. 2d 844 (C. A. 2, 1950) ; *Reliable Incubator & Brooder Co.*, 6 T. C. 919 (1946) ; and *Estate of W. R. Whitthorne*, 44 B. T. A. 1234 (1941).

Petitioner attempts to distinguish *Church's English Shoes, Ltd., supra*, on the ground that in that case no pounds sterling were borrowed to pay for the merchandise when purchased but that the seller merely extended credit in pounds sterling. We held there that the gain which the taxpayer realized when he subsequently repaid the debt owed to the seller in pounds sterling, with pounds which he purchased for less than their value when the merchandise was bought, resulted in ordinary income. In the course of our Opinion, we said that the taxpayer "did not actually 'invest' in any foreign exchange in 1935, which 'investment' might provide the basis for * * * capital gain in 1947 * * *." We did not intend our language to be a basis for distinguishing the situation there involved and the one before us here. For we do not see what difference it makes whether the pounds are borrowed from a bank as here, or borrowed, in effect, by the credit which is extended directly by the seller. We also said in the *Church* case that "When petitioner purchased pounds sterling in 1947, in order to pay at that time its account payable, the purchase of foreign money was no more than a usual and recurring transaction in the ordinary course of its business." We think that is equally true here, and that the gain in question is taxable as ordinary income.

*Decision will be entered for the respondent.*