**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**HOLLYWOOD BASEBALL ASSOCIATION, Respondent.**

**HOLLYWOOD BASEBALL ASSOCIATION, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 19718.**

United States Court of Appeals
Ninth Circuit.

Nov. 1, 1965.

John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Fred R. Becker, Attys., Dept. of Justice, Washington, D. C., for petitioner and cross-respondent.

Arthur E. Gore, Oceanside, Cal., for respondent and cross-petitioner.

Before BARNES, BROWNING and DUNIWAY, Circuit Judges.

BARNES, Circuit Judge:

This is a petition by the Commissioner of Internal Revenue for review of a decision of the Tax Court reversing the Commissioner's finding of a deficiency in taxpayer's returns on one ground; and a

cross-petition by taxpayer for review of a decision by the Tax Court sustaining the Commissioner's finding of a deficiency in taxpayer's returns on a second ground.

Jurisdiction of the Tax Court was based upon Section 6213(a) of the Internal Revenue Code of 1954 (26 U.S.C. § 6213 (a)), which permits a taxpayer who has received a deficiency notice pursuant to 26 U.S.C. § 6212 to petition the Tax Court for a redetermination of the deficiency within ninety days. This court has jurisdiction of the petition and cross-petition to review pursuant to Section 7482 of the Internal Revenue Code of 1954 (26 U.S.C. § 7482).

The basic facts are not in dispute, though somewhat complicated. We refer to the Tax Court opinion for a detailed explanation of them. 42 T.C. 234 (1964).

The Commissioner states the nature of the controversy in his petition for review as follows:

"The taxpayer was a member of the Pacific Coast League which was a professional baseball minor league recognized by the established professional baseball organization. In 1957 two major league teams moved into the territory of the Pacific Coast League and made a payment to the League, as they were required to do under the rules of professional baseball. At the time the taxpayer received its portion of the payment it was in the process of liquidation.

The Tax Court held that the taxpayer had properly not recognized any gain from its portion of the payment, because the payment represented proceeds from the 'sale of property and the gain was therefore not to be recognized pursuant to section 337 of the 1954 Internal Revenue Code.

The Commissioner contends in this appeal that the evidence clearly shows that the payment was merely in lieu of future profits and therefore did not result from a sale of anything, and in the alternative even if there had been a sale, it was not a sale of property as that term is used in section 337 of the 1954 Internal Revenue Code." (Clk's Tr. 141–42).

The taxpayer filed his cross-petition to review a portion of the decision, and states the controversy as follows:

"On its tax return for the fiscal period ended October 31, 1958, the taxpayer reported the sale of player contracts for the sum of $117,000.00 as non-taxable income under Section 337 of the Internal Revenue Code.

The Tax Court held that the player contracts concerned were held primarily for sale to customers in the ordinary course of the taxpayer's business and excluded from the non-recognition of gain provided by Section 337 by the terms of Section 337 (b)(1)(A).

The taxpayer contends in this appeal that the portion of the decision appealed from herein, is not supported by the evidence and is contrary to law, and that the evidence clearly shows that the player contracts in question were not held primarily for sale to customers in the ordinary course of the taxpayer's business, but on the contrary were developed at great expense primarily for the purpose of playing baseball and developing a major league team and, when sold, were generally sold at a loss when all of the expense of acquisition and development of players sold is considered as set forth in the evidence. * * *" (Clk's Tr. 144.)

We are satisfied the Tax Court has correctly decided both matters. We therefore refer to and adopt that portion of the Tax Court's opinion which determined "Issue II" (Tr. pp. 120–32, inclusive; Issue 2 in opinion, 42 T.C. at 264–270, inclusive) and that which was held controlling as to "Issue I" (Tr. pp. 105–20, inclusive; Issue 1 in opinion, 42 T.C. at 256–263, inclusive).

We affirm the decision of the Tax Court under review, both on the issue raised by the petition and those raised by the cross-petition.