Idaho Power Company v. Commissioner.
Idaho Power Co. v. Commissioner
Docket No. 4012-67.
United States Tax Court
T.C. Memo 1970-83; 1970 Tax Ct. Memo LEXIS 276; 29 T.C.M. (CCH) 383; T.C.M. (RIA) 70083; April 13, 1970, Filed F. Norton Kern, 2 Rector St., New York, N. Y., for the petitioner. John D. Picco, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies *277 in petitioner's Federal income taxes for the calendar years 1962 and 1963 in the amounts of $73,023.47 and $50,342.21, respectively. The only issue in this case is whether petitioner is entitled to deduct the portion of the depreciation on transportation equipment used both for maintaining existing and building new facilities attributable to construction of the capital improvements. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner, a public utility engaged in the production, transmission, distribution and sale of electric energy, was incorporated under the laws of Maine on May 6, 1915. Its principal place of business at the time of filing its petition in this case was in Boise, Idaho. It filed its Federal income tax returns for the calendar years 1962 and 1963 with the district director of internal revenue at Boise, Idaho. Petitioner kept its books and filed its Federal income tax returns on an accrual method of accounting. Ever since it was organized, petitioner has engaged in some construction of additions to its property. During the latter part of World War II because of the unavailability of outside contractors, petitioner *278 constructed all the new additions to its transmission and distribution facilities. At all other times some of its capital improvements have been constructed by contractors and some by petitioner with its own employees. At the time of the trial of this case petitioner had 140 employees engaged in new construction work. In prior years petitioner had as many as 300 employees engaged in constructing capital improvements. The approximate gross amounts of property constructed by petitioner and by others as added each year to petitioner's property-account for the years 1961 through 1963 are as follows: Year
Gross Additions
Amount Con-
Amount Con--
Purchased
structed by
structed by
Equipment
Petitioner
Others Under
Contract
1961
$65,407,029.28
$14,609,896.38
$41,262,380.48
$9,534,752.42
1962
[1] 8,235,440.22
7,139,940.72
314,790.45
780,709.05
1963
5,988,139.56
5,642.342.79
115,792.63
230,004.14
These *279 additions were primarily transmission lines, transmission switching stations, distribution lines, distribution stations and connecting facilities such as roads and timber turnings. 384 During each of the years 1962 and 1963 petitioner owned automotive transportation equipment used in its business. Communication equipment, such as radios, was affixed to the transportation equipment and used in the operation of such transportation equipment. Petitioner used such transportation equipment in part for operation and maintenance and in part for the construction of additional facilities having a useful life of more than one year. The types of automotive transportation equipment owned by petitioner during the years 1962 and 1963 included passenger cars, pickup trucks, light trucks, medium trucks, heavy trucks, power operated equipment and trailers. All of this equipment is used for operation, maintenance and construction. Petitioner on its books uses various methods of charging the operating expenses of this equipment to operation and maintenance and construction, none of which is questioned by respondent. To the extent used in construction, petitioner on its books charged depreciation *280 on its transportation equipment as well as all costs of operating and maintaining such transportation equipment, except pension contributions, social security taxes and motor vehicle taxes to the capital assets so constructed. Depreciation was charged either directly or through clearing accounts in accordance with accounting procedures prescribed by the Federal Power Commission which have been adopted by the Idaho Public Utilities Commission. The depreciation so capitalized on petitioner's books of account for the years 1962 and 1963 amounted to $150,047.42 and $130,523.99, respectively. In computing its taxable income as reported on its Federal income tax returns for 1962 and 1963, petitioner capitalized as a part of the cost of construction of its capital improvements all costs of operating and maintaining its transportation equipment which it had charged on its books to construction. On its Federal income tax returns for the years here in issue petitioner deducted all depreciation on all its transportation equipment including depreciation allocated on its books to use of the equipment in construction. Such equipment was depreciated over a composite life of 10 years. Petitioner *281 depreciated all of its automotive transportation equipment whether or not used in construction under the straight line and declining balance methods of depreciation. Respondent in his notice of deficiency disallowed and capitalized the deduction for depreciation on taxpayer's transportation equipment to the extent that such equipment was used in the construction of capital assets and allowed a deduction for depreciation on the amounts so capitalized over the useful life of the property constructed. The result of this adjustment was the disallowance by respondent of depreciation claimed by petitioner in the years 1962 and 1963 in the respective amounts of $140,429.75 and $96,811.95. Opinion Petitioner takes the position that its transportation equipment is used in its trade or business and therefore depreciation on this equipment is deductible under section 167 (a)(1), I.R.C. 1954. [2] Respondent contends that the amount of such depreciation allocable to use of petitioner's equipment in the construction of capital improvements should be capitalized in accordance with the provisions of section 263(a)(1). [3]
*282 Petitioner states that its construction of its own facilities is an appropriate activity in connection with its production and sale of electric energy and cites numerous cases for the proposition that the phrase "property used in the trade or business" means devoted to such trade or business, regardless of whether or not such property was used in activities directly productive of income. All of the cases which petitioner cites in support of this contention deal with temporarily idle assets. Typical of the holdings of the cases cited by petitioner is our statement in Carter-Colton Cigar Co., 9 T.C. 219, 221 (1947) that: Where the statute allows deductions for depreciation of property "used in the trade or business," it has been held that "used in the trade or business" means 385 "devoted to the trade or business," and includes all such property, whether actually in use during the taxable year or not. * * * These cases are not helpful in resolving the issue in the instant case. All the transportation equipment for which petitioner claimed depreciation was used part of the time in its trade or business of production and sale of electric energy and the portion *283 of the depreciation allocated to this "business" on petitioner's books has not been disallowed by respondent. This same equipment was used part of the time to construct capital improvements and respondent contends that the amount of depreciation allocable to such use should be capitalized and in effect considered as a part of the cost of the facility constructed. Respondent contends that petitioner was not "in the trade or business" of constructing facilities and that even if this activity is considered a part of petitioner's trade or business the deduction of any capital expenditure in connection therewith is prohibited by the provisions of section 263. Petitioner argues that there is ample authority in support of the proposition that a taxpayer's trade or business includes all activities which are appropriate to its principal business, citing cases in which various activities such as purchase of corn futures, sale of baseball player contracts, and trading in currency [4] were determined to be appropriate to the taxpayer's principal business and therefore give rise to ordinary income. These cases are likewise not helpful in resolving the issue in the instant case. Obviously the acquiring *284 of capital improvements whether by purchase or construction is appropriate if not vital to petitioner's continued operation of its business of producing and selling electric energy but this fact does not cause the cost of these capital improvements to be deductible in the year acquired. The real issue here is whether the portion of the depreciation deduction for transportation equipment allocable to the construction of capital improvements should be viewed as a part of the "cost" of such capital improvements.
Petitioner further argues that disallowing the portion of the claimed depreciation deduction allocable to transportation equipment used in constructing capital improvements ignores the basic reason for allowing depreciation, that is, to permit a taxpayer to recoup the cost of equipment free of tax over its useful life so that it will have funds to replace such equipment. This argument begs the question. *285 The reason for allowing a depreciation deduction is because the statute allows this method of recovering the cost of a piece of equipment with a useful life of over one year instead of allowing the total cost of such equipment used in a trade or business to be deducted in the year of purchase as a business expense. A deduction as a business expense is allowed for the type of tools, parts and equipment used in a trade or business which do not have a useful life of over one year such as the repair parts for petitioner's transportation equipment. However, petitioner has capitalized such items allocable to the construction of capital improvements. Finally, petitioner argues that section 263(a) could not apply to depreciation since depreciation is not "any amount paid out," relying on Maurice S. Gordon v. Commissioner 37 T.C. 986, 987 (1962) and quoting our statement therein that "The statute [Sec. 213 allowing deduction for medical expenses] permits the deduction for 'expenses paid' and 'amounts paid' and respondent correctly interprets the statute as permitting deduction for 'medical expenses actually paid.' Sec. 1.213-1(a), Income Tax Regs. *286 Depreciation is a 'decrease in value.' Massey Motors, Inc. v. United States, 364 U.S. 92, 96. Any allowance for depreciation is not an 'expense paid' or 'amount paid.'" As is shown by the sentence preceding those quoted by petitioner and as we held in Producers Chemical Co., 50 T.C. 940, 959 (1968) the case of Maurice S. Gordon v. Commissioner, supra, held that depreciation was not an expense paid "in the year for which the deduction was claimed" and that case has no relevance to the issue of whether depreciation is to be deducted or capitalized. Section 263(a) provides that no deduction shall be allowed for any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. Petitioner does not question that the cost of tools with a life of less than one year used 386 to construct capital assets or permanent improvements should be capitalized. Depreciation of equipment used for the construction *287 of a capital asset is of the same nature as the cost of tools "paid out" for a capital improvement. As we stated in L.W. Brooks, Jr., 50 T.C. 927, 935 (1968) on appeal (C.A. 5, Feb. 10, 1969) "* * * depreciation - inasmuch as it represents a using up of capital - is as much an 'expenditure' as the using up of labor or other items of direct cost." In Ben Perlmutter, 44 T.C. 382, 404 (1965) aff'd on another issue 373 F. 2d 45 (C.A. 10, 1965), we held that an allocable portion of the depreciation on vehicles used in construction of a shopping center should be capitalized, pointing out that "petitioner has the burden of establishing that the disputed expenditures were actually incurred in carrying on the business of the corporation, * * * and this petitioner has failed to do." Petitioner relies heavily on Great Northern Railway Co., 30 B.T.A. 691 (1934) in which we held that the taxpayer was entitled to deduct depreciation on certain equipment used in construction work. As we pointed out in Producers Chemical Co., supra, at page 960, in our view "all that was held in the second Great Northern Railway Co. case *288 30 B.T.A. 691 was that the depreciation which the taxpayer there sought to deduct was incurred in carrying on the trade or business of the taxpayer." We also pointed out the distinction between Great Northern Railway Co., 8 B.T.A. 225, 263 (1927) which held it proper to capitalize depreciation on equipment used to transport men for construction work, and the second Great Northern Railway Co.30 B.T.A. 691 (1934) case in some detail. In our view the issue in the instant case is indistinguishable in substance from the issue involved in L.W. Brooks, Jr., supra, Producers Chemical Co., supra, and Ben Perlmutter, supra, in each of which we held that the portion of depreciation on equipment allocable to acquisition of a capital asset is not properly deductible in the year the equipment is used to produce such asset but must be capitalized and recovered as a part of the basis of the capital asset acquired over the useful life of such asset. Southern Natural Gas Co. v. United States 412 F. 2d 1222 *289 (Ct. of Cl. 1969), a recent case decided by the Court of Claims, involved the precise issue as that involved in the instant case. The taxpayer in that case was an interstate natural gas carrier which constructed additional facilities to expand its pipeline system. Certain equipment which it owned was used primarily for the operation and maintenance of the system but from time to time was used to construct additional facilities. The Court of Claims held that the depreciation allocable to the use of the equipment in the construction of capital improvements was not deductible in the year the equipment was so used but should be capitalized and recovered over the useful life of the assets constructed. Petitioner recognizes that the Southern Natural Gas Co. case is not distinguishable from the instant case but contends that the Court of Claims in accepting the report of its Commissioner as its decision on this issue wrongly decided the issue. In our view the decision of the Court of Claims in the Southern Natural Gas Co. case with respect to the capitalization of depreciation of equipment used in the construction of capital improvements is correct. It is in accordance with our holdings *290 in L.W. Brooks, Jr., supra, Producers Chemical Co., supra, and Ben Perlmutter, supra.That decision is also supported by a number of cases decided by this Court such as Great Northern Railway Co., 8 B.T.A. 225 and New Quincy Mining Co. 36 B.T.A. 376, 382 (1937). There is no dispute between the parties as to the amount of depreciation allocable to construction of capital improvements. We hold that respondent properly disallowed as a deduction in the years here in issue this allocable portion of depreciation and that such amount should be capitalized as part of petitioner's basis in the permanent improvements in the construction of which the equipment was used. Decision will be entered for respondent. 387 Footnotes
1. The stipulation shows this figure as $8,235,640.22. The record does not show whether the error is in the total or one of the other figures. For simplicity we have corrected the total from $8,235,640.22 to $8,235,440.22.↩
2. All references are to the Internal Revenue Code of 1954. SEC. 167, I.R.C. 1954. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, or (2) of property held for the production of income. ↩
3. SEC. 263(a) CAPITAL EXPENDITURES. (a) General Rule. - No deduction shall be allowed for - (1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. * * *↩
4. Corn Products Refining Co. v. Commissioner 350 U.S. 46 (1955); Hollywood Baseball Association, 49 T.C. 338 (1968), aff'd, 352 F. 2d 350 (C.A. 9, 1969); and America Southeast Asia Company, Inc. 26 T.C. 198↩ (1956).