MAURICE S. GORDON AND FRANCES H. GORDON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86439. Filed February 23, 1962.

*Arthur L. Birkholz, CPA*, for the petitioners.
*William J. Wise, Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* The respondent determined a deficiency in petitioners' income tax for the year 1958 in the amount of $278.60. The deficiency results from respondent's disallowance as a medical expense depreciation on their automobile used to transport their dependent son to a psychiatrist during the year 1958.

All of the facts are stipulated and are found accordingly.

Petitioners Maurice S. and Frances H. Gordon are husband and wife residing in Kenosha, Wisconsin. They filed a timely joint income tax return for 1958 with the district director of internal revenue at Milwaukee.

In 1957 petitioners purchased and paid for a Rambler automobile. During the year 1958 petitioners' dependent son required the services of a psychiatrist whose office was 35 miles from petitioners' home. During said year the son made 200 trips to the doctor's office in the Rambler automobile, resulting in the automobile being used 82 percent of the time for the purpose of conveying the son to and from the doctor.

On their income tax return for the year 1958 petitioners took a medical expense deduction of $1,000 for "Auto Use to and from Highland Park—to Doctor." It is stipulated the direct automobile expenses for gas, oil, repairs, and insurance for the trips to the doctor were $682.25.

Respondent stipulates this sum ($682.25) is allowable as a medical expense deduction.

It is stipulated the depreciation on the automobile in the year 1958 amounted to $387.50. The balance of the claimed $1,000 medical expense deduction consists of 82 percent of full depreciation of $387.50 or $317.75.

The parties stipulate: "The only issue for decision by the Court is whether depreciation on an automobile is deductible as a medical expense in the year 1958."

Section 213 of the Internal Revenue Code of 1954 provides, in part:

(a) ALLOWANCE OF DEDUCTION.—There shall be allowed as a deduction the * * * expenses paid during the taxable year, * * * for medical care of the taxpayer, his spouse, or a dependent * * *

Section 213 (e) (1) (B) defines the term "medical care" to include "amounts paid * * * for transportation primarily for an essential to medical care."

Petitioners' entire argument is that the claimed deduction for depreciation of the automobile is granted by section 213, I.R.C. 1954. The said statute, in plain and unambiguous language, limits the medical care deduction to "expenses paid" and "amounts paid." These terms imply the existence of debts incurred for medical care which are satisfied by payment in the taxable year (*Robert S. Bassett*, 26 T.C. 619) or out-of-pocket expenditures for medical care, which, since 1954, has been defined in the statute to include "transportation primarily for and essential to medical care." The statute permits the deduction for "expenses paid" and "amounts paid" and respondent correctly interprets the statute as permitting deduction for "medical expenses actually paid." Sec. 1.213–1(a), Income Tax Regs. Depreciation is a "decrease in value." *Massey Motors Inc.* v. *United States*, 364 U.S. 92, 96. Any allowance for depreciation is not an "expense paid" or "amount paid."

We hold respondent is right. Depreciation of an automobile used for transportation to secure medical services is not deductible as expenses paid for medical care under section 213, *supra*.[1] Petitioner does not argue the item is deductible under any other statute and we know of no statute granting such deduction.

For the purpose of making agreed adjustments,

*Decision will be entered under Rule 50.*

---

[1] It is to be noted the result here reached is contrary to the result reached in *Sanford H. Weinzimer*, T.C. Memo. 1958–137. There it was held, apparently without argument by respondent except as to amount, that depreciation of an automobile was deductible as medical expense.