Stanley G. Calafut v. Commissioner.
Calafut v. Commissioner
Docket No. 2092-63.
United States Tax Court
T.C. Memo 1964-239; 1964 Tax Ct. Memo LEXIS 100; 23 T.C.M. (CCH) 1431; T.C.M. (RIA) 64239; September 10, 1964
*100 Petitioner's 8-year-old daughter as severely afflicted with cerebral palsy from the date of her birth. The medical treatment prescribed for her was a continuing program of physical and occupational therapy. In order to receive this treatment she had to be transported to a cerebral palsy clinic in Binghamton, N. Y., for at least two treatments a week. In 1959, petitioner purchased a new Ford automobile for $2,045, primarily to provide transportation for her to and from the clinic. On his income tax return petitioner claimed as medical expense, among other things, depreciation on his 1959 Ford in the amount of $450. The Commissioner disallowed the deduction for depreciation because automobile depreciation is not an "expense paid" or "amount paid" as provided by section 213, I.R.C. 1954, which provides for allowance as deductions, medical, dental, etc., expenses. Held, the Commissioner is sustained in his disallowance of depreciation on the Ford automobile - depreciation is not an amount paid but represents a decrease in value of the automobile. Maurice S. Gordon, 37 T.C. 986 (1962), followed. Stanley G. Calafut, pro se., 410 2nd St., Eynon, Pa. Francis J. Cantrel, for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax for the year 1960 in the amount of $9.27. All of the deficiency is contested and petitioner claims an overpayment. The deficiency is due to several adjustments which the Commissioner made to the taxable income as disclosed by petitioner's income tax return (amended) for the year 1960. The only issue which now remains for our decision is whether depreciation claimed by petitioner on a Ford automobile purchased in 1959 and used to transport petitioner's dependent daughter to and *102 from a cerebral palsy clinic for treatment is an allowable medical deduction within the purview of section 213 of the 1954 Code. Petitioner contends that such depreciation deduction is allowable and has claimed it as a medical deduction on his income tax return for 1960. Respondent contends that such deduction is not allowable as a medical deduction and has disallowed it in his deficiency notice. Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. There was some oral testimony. Petitioner is an individual whose principal residence during the year involved herein was Apalachin, N. Y. His present residence is Eynon, Pa. An original joint income tax return for the calendar year 1960, signed by petitioner and his wife, Mary Calafut, was filed with the district director of internal revenue, Syracuse, N. Y. An amended joint income tax return for said year, signed by petitioner and his wife, was filed with the district director of internal revenue, Scranton, Pa.
Petitioner is married and the father of four young children, all of whom are under 10 years of age. Petitioner's daughter, Mary Rosalie, now 8 years old is a severely *103 handicapped victim of cerebral palsy, a condition from which she has suffered from the time of her birth on March 27, 1956. The medical treatment prescribed for Mary Rosalie was a continuing rehabilitation program of physical and occupational therapy to be administered in a clinic having the specialized facilities for the treatment of handicapped children. These treatments were to be continued indefinitely on a schedule of at least two treatments a week. The treatments were available only during the normal weekday working hours. From February 1960 to May 1961, inclusive, Mary Rosalie attended a cerebral palsy clinic in Binghampton, N. Y., for these treatments. During 1960, petitioner and his family lived in Apalachin, N. Y. Since it was impossible for the clinic to provide transportation to and from the clinic for Mary Rosalie, petitioner was compelled to provide this transportation. It was not possible for Mary Rosalie to come to the clinic in a bus as their schedules did not coincide with the hours during which the clinic was open for treatment. No other means of transportation other than the direct use of the family automobile was practical. Conflicting needs for the family automobile *104 arose on those days when petitioner's wife and children were scheduled to bring Mary Rosalie to the clinic for treatment since petitioner also required the use of the family automobile in his employment. This necessity of having two automobiles in petitioner's family would not exist under normal circumstances. In 1959, petitioner purchased a new Ford for $2,045, primarily to provide the necessary transportation to and from the clinic during 1960 for Mary Rosalie. The round trip distance from Apalachin, N. Y., to Binghamton, N. Y. is approximately 32 miles. During 1960, Mary Rosalie attended the clinic for treatment twice a week for a period of approximately 40 weeks. In his amended joint income tax return for the calendar year 1960 petitioner claimed, in connection with the transportation for Mary Rosalie, deductions for medical expenses for automobile insurance, automobile maintenance and repairs, and gasoline, the amounts of $60, $65, and $75, respectively, all of which expenses have been allowed by respondent. In addition, petitioner also claimed as a medical expense in connection with Mary Rosalie's transportation depreciation on the 1959 Ford in the amount of $450, which expense *105 has been disallowed by respondent. The 1959 Ford was used during 1960 for purposes other than transporting Mary Rosalie to and from the clinic for treatment. Opinion BLACK, Judge: In his determination of the deficiency in petitioner's income tax for the year 1960 the Commissioner has made several adjustments to the taxable income as disclosed by petitioner's return (amended) for the year 1960. None of these adjustments are now in issue except the depreciation on an automobile which was purchased by petitioner in 1959 primarily for the transportation of his invalid daughter for medical treatment to a cerebral palsy clinic in Binghamton. The Commissioner, in his determination of the deficiency, disallowed the deduction stating in his deficiency notice: The deductions of $450.00, representing depreciation on a Ford automobile used in transporting your daughter Mary Rosalie to and from a Cerebral Palsy Clinic * * * have been disallowed as deductions, as they do not qualify as medical expense within the meaning of Section 213 of the Internal Revenue Code of 1954. The only question we have to decide is whether or not the Commissioner is correct in his interpretation *106 of section 213 of the 1954 Code in determining that depreciation on an automobile used for the purpose named is not an allowable medical expense. There is no issue between the parties as to the cost of the automobile in 1959 or that it was purchased primarily for the purpose of transporting Mary Rosalie to and from the clinic at Binghamton. The automobile was used during the taxable year for purposes other than the transportation of Mary Rosalie to and from the clinic. However, it has been stipulated that it was purchased primarily for the purpose of transporting Mary Rosalie to and from the clinic and we shall so treat it. Therefore, the question is whether the depreciation on the Ford automobile in 1960 is deductible as a medical expense under section 213. [1]
*107 It, of course, goes without saying that we are sympathetic toward petitioner because of the severe illness of his daughter and we are anxious that he be allowed all the medical expenses paid by him in 1960 on account of her illness which the law allows. However, we must give effect to the law as written. Our function is to construe the law as written and not attempt to rewrite it in our opinion. It seems to us that the precise issue involved in the instant case has been decided in Maurice S. Gordon, 37 T.C. 986 (1962), and it was decided contrary to the contention made by petitioner here. In that case, among other things, we said: The said statute, in plain and unambiguous language, limits the medical care deduction to "expenses paid" and "amounts paid." These terms imply the existence of debts incurred for medical care which are satisfied by payment in the taxable year ( Robert S. Bassett, 26 T.C. 619) or out-of-pocket expenditures for medical care, which, since 1954, has been defined in the statute to include "transportation primarily for and essential to medical care." The statute permits the deduction for "expenses paid" and "amounts paid" and respondent *108 correctly interprets the statute as permitting deduction for "medical expenses actually paid." Sec. 1.213-1(a), Income Tax Regs. Depreciation is a "decrease in value." Massey Motors Inc. v. United States, 364 U.S. 92, 96. Any allowance for depreciation is not an "expense paid" or "amount paid." We see no distinction as to the depreciation claimed by petitioner in the instant case on the Ford automobile which was used by him in transporting Mary Rosalie to and from the clinic, and the deduction claimed by the taxpayer on the Rambler automobile purchased and paid for by the taxpayer in Maurice S. Gordon, supra, for the transportation of his dependent son who required the services of a psychiatrist who had his office 35 miles from where the taxpayer lived. So far as we can see, Maurice S. Gordon is precisely in point. Therefore, the only issue involved herein is decided for the respondent. Decision will be entered under Rule 50. Footnotes
1. SEC. 213. MEDICAL, DENTAL, ETC., EXPENCES. (a) Allowance of Deduction. - There shall be allowed as a deduction the following amounts of the expenses paid during the taxable year, an compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a accident (as defined in section 152): * * *
(b) Definitions. - For purposes of this section. - (1) The term "medical care" means amounts paid - (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), or (B) for transportation primarily for and essential to medical care referred to in subparagraph (A). * * *↩