Robert K. WEARY and Dale J. Weary, Appellants,

v.

UNITED STATES of America, Appellee.

No. 74–1079.

United States Court of Appeals, Tenth Circuit.

Jan. 15, 1975.
Rehearing Denied March 20, 1975.

Robert K. Weary, of Weary, Robertson, Schuley & Davis, Junction City, Kan., for appellants.

William M. Brown, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and Bennet N. Hollander, Attys., Tax Div., Dept. of Justice, Robert J. Roth, U. S. Atty., of counsel, with him on the brief), for appellee.

Before LEWIS, Chief Judge, SETH, Circuit Judge; and CHRISTENSEN, Senior District Judge.

SETH, Circuit Judge.

This is an action seeking a refund of income taxes paid by plaintiffs for 1966 and 1967. The claim relates to deductions made for travel expenses for medi-

cal care which were disallowed. In 1966 the deduction claimed was at the rate of ten cents per mile for the distance driven in the family car for medical treatment. In 1967 a deduction was claimed at the rate of five cents per mile plus a pro rata part of the difference between the purchase price and the sale price of a car bought and sold in 1967.

The Commissioner allowed only a deduction in each year of five cents per mile. The trial court upheld the position of the Commissioner, and the taxpayers have taken this appeal.

The case was presented on stipulated facts and there is no dispute as to the distance traveled during the year for medical treatment for Mrs. Weary, nor that it was for a deductible purpose (26 U.S.C.A. (I.R.C.1954) § 213(e)(1)(B)). The dispute centers on the rate per mile in 1966, and the use of the difference in the purchase and the sale price of the car in 1967. The taxpayers did not seek to substantiate any actual travel expense, but used the flat rates indicated, and in 1967 added the change in value of the car. At the times in question, Revenue Procedure 64–15 provided five cents per mile, in the absence of a substantiated actual amount, for medical expense deduction. The rate of ten cents per mile was then provided for business purpose use of a private car.

For 1966 the district court, as indicated, upheld the action of the Commissioner in allowing only five cents per mile as a deduction. The court reasoned that the Wearys had the burden of proving actual expenses beyond five cents per mile, which they had not done. Further the court pointed out that the case law holds that depreciation is not an "amount paid" under section 213. Maurice S. Gordon, 37 T.C. 986; Stanley G. Calafut, T.C. Memo 1964–239. Similarly under section 170, Orr v. United States, 343 F.2d 553 (5th Cir.), depreciation is not an "amount paid." We must agree with this conclusion.

As to 1967, although there is a definite amount paid, the district court upheld denial of a deduction for the deprecia-

tion in value attributable to the medical purpose use of the car. The court felt that the loss on the sale of the car was a long term capital loss, section 1222(4), and under section 165 which governs deduction of losses, a personal loss such as this is not deductible. Also it held again that section 213 was not applicable to the depreciation. We agree with the trial court as to 1967 also.

The taxpayers' position is that the term "amount paid" should be liberally construed to allow deduction of the entire cost of operating an automobile under section 213, as it is illogical to allow only part of the cost to be deducted for medical and charitable purposes, but allow all of the cost of operation of the car to be deducted for business purposes. Taxpayers argue that the Internal Revenue Service has established ten cents a mile as the *entire* cost of car operation, thus this amount should be allowed as a section 213 deduction for 1966. Appellants rely in their brief on Cohan v. Comm'r, 39 F.2d 540 (2d Cir.). It is however well established that the business purpose per mile allowance includes depreciation. Thus again the issue before us centers on the matter of depreciation. As to 1967 taxpayers argue that they have actually paid $2,086.99 for the use of the car, and a proportionate amount of the difference between the purchase price and the sale price is therefore a proper deduction under section 213, since the statute only requires that there be an "amount paid" for medical transportation. They urge also that the sections governing depreciation (section 167) and capital loss on the sale of a personal asset (sections 165, 1222) are not applicable.

As to 1967 the value difference in the car at the purchase and at the sale can be nothing but depreciation. The traditional position of the Internal Revenue Service has been that depreciation is not an "amount paid," for purposes of sections 213 and 170 of the 1954 Code, and is not part of the out-of-pocket expenses of car operation. Gordon and Calafut, *supra;* Revenue Ruling 58–279; *Orr, supra.* It would serve no purpose to re-

view the analysis again in this opinion. The Supreme Court has recently held that depreciation is an "amount paid" for purposes of section 263 of the 1954 Code. Comm'r v. Idaho Power Co., 418 U.S. 1, 94 S.Ct. 2757, 41 L.Ed.2d 535. In that case Idaho Power Company had used its construction equipment in improving its own facilities. Thus a portion of the depreciation on such equipment could be attributed to the time spent in constructing capital improvements. Idaho Power sought to deduct this depreciation in the usual manner (section 167). There, however, the Commissioner argued that this portion of the depreciation was an "amount paid out" for capital improvements (section 263) and thus should be capitalized as a part of the cost of the improvement. The Tax Court upheld the Commissioner, and the Ninth Circuit reversed, holding that depreciation is not an amount paid out. The Supreme Court reversed, agreeing with the Commissioner.

■■ It may be argued that the *Idaho Power* case provides authority for holding that depreciation is also an amount paid for purposes of section 213, as argued here by the taxpayers, but we do not agree that it is. In *Idaho Power* the question was one of the timing of a depreciation deduction, or depreciation now versus inclusion in capital improvements to be depreciated at a different rate. In this case the choice is between allowing and denying a deduction for depreciation as a medical expense. We will continue to adhere to the authorities referred to above and hold that depreciation is not an amount paid within the meaning of section 213. The amount so claimed as a deduction in 1967 was thus properly disallowed. The paid out for capital improvements in *Idaho Power* as compared to the amount paid for medical services presents too great a difference to convince us that the established doctrine should be overturned.

■ As to 1966, taxpayers have presented no arguments which persuade us that the *Gordon* and *Calafut* authority should not be followed. Since actual expenses for 1966 have not been proved, and the ten cent figure claimed included depreciation, taxpayers are entitled to deduct only five cents per mile under Revenue Procedure 64–15.

The judgment of the district court is affirmed.

CHRISTENSEN, Senior District Judge (dissenting):

I agree with the prevailing opinion that plaintiffs-appellants were not entitled to recover for the taxable year 1966, since technically the expenses in dispute for medical care based on depreciation of the automobile were not "paid during the taxable year".

As to 1967, I think Commissioner v. Idaho Power Co., 418 U.S. 1, 94 S.Ct. 2757, 41 L.Ed.2d 535 (1974), controlling in principle against the position of the government here.

Previous to the years in suit it was necessary for the wife of the taxpayer to be hospitalized for some seven months in the psychiatric unit of the Kansas University Medical Center in Kansas City, Kansas, since she was suffering from a severe depression which had become psychotic. Upon her release by the hospital it was necessary for her to continue treatment in an outpatient status by making trips each week to Kansas City from Junction City, Kansas, during both 1966 and 1967, for the purpose of filling appointments with her doctor, a psychiatrist on the staff of the Medical Center. On January 2, 1967, the taxpayer and his wife purchased a 1967 Ford LTD 4-door sedan at a cost of $4,386.99. This car was used by Mrs. Weary for her medical travel to Kansas City during the year 1967 and primarily for this purpose. The approximate total number of miles driven in this car in 1967 was 30,000 miles; the car was sold back to the motor company on December 30, 1967, at a price of $2,300.00. For 1967 the taxpayer deducted for federal income tax purposes $2,696.16 as medical transportation expense, represented by five cents per mile for mileage driven together with less than 70% ($1,343.16) of the difference

438

between the purchase and the selling price of the automobile. While the precise number of miles the car was utilized for other purposes is not revealed by the record, it appears clear that the total depreciation of $2,086.99 was more than fairly discounted on account of any other possible use to reach the taxpayer's "payment" claim of $1,343.16. The prevailing opinion accepts the fact that "there is no dispute as to the distance traveled during the year for medical treatment for Mrs. Weary, nor that it was for a deductible purpose (26 U.S. C.A. (I.R.C.1954) § 213(e)(1)(B))". Cf. Orr v. United States, 343 F.2d 553 (5th Cir. 1965) at 558, which indicates that the disallowance turned more on the inadequacy of proof than upon the nature of the claim.

The controlling statute, 26 U.S.C. § 213, provides that "[t]here shall be allowed as a deduction the following amounts . . . (1) the amount by which the amount of the expenses paid during the taxable year . . . for medical care of the taxpayer, his spouse . . . exceeds 3 percent of the adjusted gross income . . . (e)(1) [t]he term 'medical care' means amounts paid . . . (B) for transportation primarily for and essential to medical care . . .."

Because non-business depreciation is not deductible as an "amount paid" for purposes of Sections 213 and 170 of the 1954 Code does not mean that depreciation actually paid in the taxable year involved under the circumstances of this case is not deductible under Section 213. If the car had been rented for the purpose, the government concedes that the amount paid for this rental would be deductible; it seems probable that such rental would have exceeded the amount claimed and paid by virtue of the depreciation, plus the five cents per mile allowed. It seems excessively grudging

against the taxpayer to ignore the realities of the actual payment during the single taxable year by applying rigidly a rule adopted for the purpose of other sections of the Code in disregard of the different context of Section 213.

In *Idaho Power, supra,* "[t]he taxpayer asserts that its transportation equipment is used in its 'trade or business' and that depreciation thereon is therefore deductible under § 167(a)(1) of the Code. The Commissioner concedes that § 167 may be said to have a literal application to depreciation on equipment used in capital construction . . . but contends that the provision must be read in the light of § 263(a)(1) which specifically disallows any deduction for an amount 'paid out for new buildings or for permanent improvements or betterments'."

The provisions of Section 213(a)(1) concerning the amount of expenses paid during the taxable year for medical care of the taxpayer or his spouse for similar reason should be given effect.

In *Idaho Power* there was "no question that the cost of the transportation equipment was 'paid out' in the same manner as the cost of supplies, materials, and other equipment, and the wages of construction workers. . . . In acquiring the transportation equipment, taxpayer 'paid out' the equipment's purchase price; depreciation is simply the means of allocating the payment over the various accounting periods affected."

And the established depreciation in the case at bar was similarly "paid" as a medical expense "during the taxable year".

For the reasons indicated, and since I see no justification in view of *Idaho Power* to endow the government with a "heads it wins, tails they lose" position in the treatment of depreciation under the circumstances of this case, I respectfully dissent.