CHARLES W. PETERS and SHARON J. PETERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Peters v. Commissioner
Docket No. 9252-74.
United States Tax Court
T.C. Memo 1976-170; 1976 Tax Ct. Memo LEXIS 230; 35 T.C.M. (CCH) 770; T.C.M. (RIA) 760170; May 27, 1976, Filed Charles W. Peters, pro se. Ronald T. Murphy, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1972 in the amount of $637. Petitioners have conceded certain adjustments, leaving for our consideration only the question of whether they were entitled to deduct as a charitable contribution the fair rental value of certain premises which Charles W. Peters and his *231 law partner allowed the Legal Aid Society of Calhoun County to use free of charge. FINDINGS OF FACT Most of the facts have been stipulated and have been found accordingly. Petitioners, husband and wife, were residents of Marshall, Mich., at the time of filing their petition herein. Sharon J. Peters is a party to these proceedings solely because she filed a joint return with Charles for the 1972 taxable year. Hereinafter any reference to "petitioner" shall be to Charles W. Peters. During 1972, petitioner practiced law in partnership with a Mr. Rhodes. The partnership conducted a full time active law practice on premises which it leased on a month-to-month basis and which consisted of three offices, a library, a conference room, a reception area, and a secretarial area. During 1972, the partnership extended to the Legal Aid Society of Calhoun County (hereinafter "Legal Aid") the right to use its office space with the exception of petitioner's and Rhodes' respective, individual offices. In addition, Legal Aid was given permission to use the law library, furniture, and equipment. The partnership had the right to terminate Legal Aid's right to use the premises upon the giving *232 of 30 days notice or on the termination of its own lease. Legal Aid used such office space as a branch office and maintained office hours there several days per week in 1972. On his Federal income tax return for the 1972 taxable year, petitioner deducted from his partnership income $1,196 as his distributive share of the donation made by the partnership for the fair rental value of the facilities it had permitted Legal Aid to use. Respondent disallowed the claimed deduction in its entirety. OPINION Prior to the passage of the Tax Reform Act of 1969, Pub. L. 91-172, 83 Stat. 487, the conveyance of rentfree use and occupancy of real property qualified as a deductible charitable contribution to the extent that it created a legally enforceable, present interest in property. See, e.g., Thriftimart, Inc.,59 T.C. 598 (1973), remanded on other grounds by order of the Court of Appeals for the Ninth Circuit dated Dec. 10, 1975; John G. Allen,57 T.C. 12 (1971); Threlfall v. United States,302 F. Supp. 1114 (W.D. Wis. 1969); Passailaigue v. United States,224 F. Supp. 682 (M.D. Ga. 1963); cf. Mattie Fair,27 T.C. 866 (1957); *233 Priscilla M. Sullivan,16 T.C. 228 (1951). See Rev. Rul. 70-477, 1970-2 C.B. 62. A taxpayer enjoyed a double benefit from such a deduction; he was not required to report as income the receipts forgone as a result of donating the use of his property to a charitable recipient and he was allowed further to reduce his income by the fair rental value of the property donated for charitable use. See H. Rept. No. 91-413, 91st Cong., 1st Sess. 57-58 (1969), 1969-3 C.B. 200, 237. To limit the effect of this double benefit, Congress added section 170(f)(3) [1] to the Internal Revenue Code by the Tax Reform Act of 1969, supra:
(3) Denial of deduction in case of certain contributions of partial interests in property.-- (A) In general.--In the case of a contribution (not made by a transfer in trust) of an interest in property which consists of less than the taxpayer's entire interest in such property, a deduction shall be allowed under this section only to the extent that the value of the interest contributed would be allowable as a deduction under this *234 section if such interest had been transferred in trust. For purposes of this subparagraph, a contribution by a taxpayer of the right to use property shall be treated as a contribution of less than the taxpayer's entire interest in such property. (B) Exceptions.--Subparagraph (A) shall not apply to a contribution of-- (i) a remainder interest in a personal residence or farm, or (ii) an undivided portion of the taxpayer's entire interest in property. The exception contained in subparagraph (B)(ii) is further explained in section 1.170A-7(b)(1), Income Tax Regs: An undivided portion of a donor's entire interest in property must consist of a fraction or percentage of each and every substantial interest or right owned by the donor in such property and must extend over the entire term of the donor's interest in such property and in other property into which such property is converted. * * * The parties are in agreement that the *235 foregoing statutory provision and the accompanying regulations apply herein. They part company on the issue of whether the rights of use on the part of Legal Aid achieved the status of an "undivided portion of [the taxpayer's] entire interest in property" so as to fall within the exception contained in subparagraph (B)(ii) above. The partnership's entire interest in the office facilities was a month-to-month lease, a periodic tenancy which continued throughout successive months absent notice of termination by either the partnership or its lessor. See I American Law of Property, secs. 3.23 and 3.90 (Casner ed., 1952). However the rights contributed to Legal Aid are labelled, [2] they were not concurrent with the partnership's rights. The partnership had the right to terminate Legal Aid's use of the premises upon the giving of 30 days' notice, whether or not its own lease continued. Thus, Legal Aid's rights did not extend over the entire term of the partnership's interest. Moreover, in view of the lack of precise definition of the rights of use accorded to Legal Aid and its common use of the facilities with the partners, we doubt that those rights amounted to a fraction or *236 percentage of each and every other substantial interest in property held by the partnership within the meaning of the statute and the regulations. The same considerations apply to petitioners' alternative argument that a deduction should be allowed, at least to the extent of the use of the law library, furniture, and equipment, as unreimbursed out-of-pocket expenses incurred in the rendition of charitable services. Moreover, the record is at best vague as to whether any such services were rendered and as to the nature of the partnership's interests in such property items. [3]
Any conclusion contrary to the foregoing would be inconsistent with the restrictive approach of the Congress in adopting section 170(f)(3).See H. Rept. No. 91-413, supra; S. Rept. No. 91-552, 91st Cong., 1st Sess. 83-84 (1969), 1969-3 C.B. 423, 477; Conf. Rept. No. 91-782, 91st Cong., 1st Sess. 294 (1969), 1969-3 C.B. 644, 654. *237 Aside from any consideration as to the applicability of section 170(f)(3), it appears that petitioners' claimed deduction should in any event be disallowed. Petitioner testified that the out-of-pocket expenses relating to the law library and furniture, as well as secretarial services, had been deducted by the partnership as business expenses [4] and respondent has not disallowed such deductions. [5] See Thriftimart, Inc.,supra,59 T.C. at 616. Under such circumstances, any further allowance would result in a prohibited double deduction. United States v. Skelly Oil Co.,394 U.S. 678, 684 (1969); cf. Thriftimart, Inc.,supra.
*238 Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in question.↩
2. Petitioner characterizes the arrangement as a lease; respondent characterizes the arrangement as a right of use.↩
3. We also note that petitioner offered no proof as to the allocation of the claimed deduction between office space, library, furniture, and equipment.↩
4. The record is unclear, but it is a fair inference that the rent paid by the partnership was likewise deducted as a business expense. In any event, petitioners, who have the burden of proof, have submitted no evidence that such was not the case. ↩
5. To the extent that such deductions represent depreciation, they would not constitute a deductible charitable contribution. See Orr v. United States,343 F.2d 553 (5th Cir. 1965); Larry A. Miller,T.C. Memo. 1975-279. See also Commissioner v. Idaho Power Co.,418 U.S. 1, 16-17, n. 11 (1974); Weary v. United States,510 F.2d 435, 437↩ (10th Cir. 1975).