Jesse B. Elwood and Rose L. Elwood, Petitioners v. Commissioner of Internal Revenue, Respondent

Docket No. 4172-76.     Filed April 30, 1979.

*Earl G. Stokes*, for the petitioners.
*Thomas F. Kelly*, for the respondent.

OPINION

Irwin, *Judge:* The respondent determined a deficiency of $350 in petitioners' joint Federal income tax for the calendar year 1974.

Due to concessions, the only issue remaining for our decision is whether depreciation is an expense paid within the meaning of section 213.[1]

All of the facts have been stipulated. The stipulation of facts along with attached exhibits are incorporated herein by this reference.

Petitioners Jesse B. and Rose L. Elwood, husband and wife, resided in Ukiah, Calif., at the time they filed their petition herein. They timely filed a joint Federal income tax return for the taxable year 1974.

During 1974, Jesse Elwood was required to make 48 trips between his residence and his physician specialists in the Berkeley-San Francisco area in order to receive necessary medical treatment. In making these trips, petitioners utilized their personal automobile. They traveled 288 miles on each round trip, for a total of 13,824 miles for the year. On their 1974 income tax return, petitioners used a standard mileage rate of 12 cents to compute their transportation costs incurred as medical care in lieu of actual expenses and in lieu of the standard mileage rate of 7 cents per mile allowed under respondent's Rev. Proc. 74-24, 1974-2 C.B. 477.

Section 213 provides, in part:

(a) Allowance of Deduction.—There shall be allowed as a deduction the * * * expenses paid during the taxable year * * * for medical care * * *

_____
[1] All statutory references are to the Internal Revenue Code of 1954, as in effect during the year at issue.

Section 213(e)(1)(B) defines the term "medical care" to include "amounts paid * * * for transportation primarily for and essential to medical care." Much of the difference between the mileage rate claimed by petitioners and the mileage rate allowed by respondent is due to respondent's position that depreciation cannot be an expense paid for medical care for purposes of section 213. Thus, the standard mileage rate allowable for transportation with respect to medical care is less than the mileage rate of 12 cents per mile allowed as a business expense under sections 162 and 167, Rev. Proc. 74–23, 1974–2 C.B. 476, which reflects straight-line depreciation.

Petitioners contend that based on *Commissioner v. Idaho Power Co.*, 418 U.S. 1 (1974), we should hold that depreciation is an expense paid for purposes of section 213. In that case, the Supreme Court held that depreciation deductions under section 167 are an "amount paid out" for purposes of section 263(a)(1). Petitioners argue that the Court intended this definition of depreciation be applied throughout the Code and thus depreciation deductions should also be considered an expense paid within the meaning of section 213. They assert that any other result would create unjust inconsistencies within the Code. Petitioners also point to *Weinzimer v. Commissioner*, T.C. Memo. 1958–137, wherein this Court allowed depreciation deductions with respect to an automobile used for medical travel. Finally, petitioners argue that *Weary v. United States*, 510 F.2d 435 (10th Cir. 1975), the one post-*Idaho Power* case dealing with the very issue before us improperly distinguished *Idaho Power* in holding that *Idaho Power* was concerned only with the timing of a depreciation deduction, or depreciation now versus inclusion in capital improvements to be depreciated at a different rate.

Respondent rests his position on the decided cases. He claims that depreciation is not an "expense paid" or "amount paid" within the meaning of section 213 and relies on the decisions of *Weary v. United States, supra*, and *Gordon v. Commissioner*, 37 T.C. 986 (1962) (which held that depreciation is a decrease in value and not "expense paid" or "amount paid").

We note that in *Gordon* this Court recognized the contrary result reached in *Weinzimer* but distinguished it on the basis that respondent did not argue depreciation was not deductible as a medical expense. *Weinzimer*, therefore, has no precedential

value. In *Idaho Power*, the Supreme Court specifically addressed the argument raised now by petitioner. In this regard it stated:

The taxpayer contends that depreciation has been held not to be an expenditure or payment * * * for purposes of a medical-expense deduction under § 213, 26 U.S.C. § 213, e.g., *Gordon v. Commissioner*, 37 T.C. 986 (1962). Section 263 is concerned, however, with the capital nature of an expenditure and not with its timing, as are phrases "payment * * * within the taxable year" or "paid during the taxable year," respectively used in §§ 170 and 213. *The treatment of depreciation under those sections has no relevance to the issue of capitalization here.* See, e.g., *Producers Chemical Co. v. Commissioner*, 50 T.C. 940, 959 (1968). [418 U.S. at 16 n. 11; emphasis supplied.]

Thus, *Idaho Power* has no bearing on a decision on the issue here before us.

Having disposed of petitioners' argument that *Idaho Power* requires us to reverse our present position as set forth in *Gordon*, we will continue to adhere to that position. We believe the decided cases are correct in holding that depreciation is not an expense paid within the meaning of section 213. *Weary v. United States, supra;*[2] *Gordon v. Commissioner, supra.*[3]

We also note that the law under section 213 is consistent with our holding here. Where a taxpayer acquires some medically necessary asset, the deduction allowed with respect thereto is not taken over the assets' useful life as would be the case with depreciation, but rather is taken in full in the year of acquisition. Sec. 1.213–1(e)(1)(iii), Income Tax Regs. See, e.g., *Riach v. Frank*, 302 F.2d 374 (9th Cir. 1962); *Oliver v. Commissioner*, 364 F.2d 575 (8th Cir. 1966); *Hollander v. Commissioner*, 219 F.2d 934 (3d Cir. 1955); *Gerard v. Commissioner*, 37 T.C. 826 (1962).

*Decision will be entered under Rule 155.*

---

[2]We note that although there was a dissent in *Weary*, even the dissent was in agreement with the result which we reach here. The dissent in *Weary* objected only to the majority's disallowance of an actual loss due to depreciation, not to its disallowance of a higher standard mileage rate which reflected depreciation. He agreed that the standard mileage rate was not an amount paid for purposes of sec. 213. *Weary v. United States*, 510 F.2d 435, 438.

[3]*Calafut v. Commissioner*, T.C. Memo. 1964–239.