T.C. Memo. 2000-321


UNITED STATES TAX COURT


DAVID A. AND PAULA J. HENDERSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3863-98.                    Filed October 16, 2000.


David A. and Paula J. Henderson, pro se.

<u>Julie L. Payne</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies of $10,830
and $5,807 in petitioners' Federal income tax for 1994 and 1995,
respectively, and an addition to tax of $2,127 for 1994 under
section 6651(a)(1).  After concessions, the issue remaining for
decision is whether petitioners are entitled to deduct
depreciation as a medical expense under section 213.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.

David A. and Paula J. Henderson (petitioners) resided in Medical Lake, Washington, when their petition was filed. Petitioners' son, Bradley, suffers from spina bifida and is confined to a wheelchair.

In 1991, petitioners purchased a van for the sole purpose of transporting Bradley. The purchase price of the van was approximately $26,000. In 1992, Bradley's physician believed that, due to Bradley's increasing weight and size and his prolonged medical condition, a wheelchair lift was necessary. Petitioners modified the van specifically for Bradley's medical needs by installing an automatic wheelchair lift and raising the roof of the van. Such modifications cost petitioners an additional $4,406.

During 1994 and 1995, petitioners lived in eastern Oregon and, on a weekly basis, transported Bradley to and from hospitals and doctors' appointments in Spokane and Seattle, Washington. The specially modified van was the only means of transportation

for Bradley.  Petitioners used two other vehicles for their own transportation.

The van was also used to transport Bradley to and from school every day.  The van was used because the school bus in the town where they lived was not equipped with a wheelchair lift.  Petitioners wrote to the superintendent of schools to request that the school district purchase a wheelchair lift for the school bus, but the request was denied due to the low budget of the small community.

Petitioners also used the van whenever they needed to take Bradley on trips with them.  Petitioners used the van for a trip in 1994 to drive to Missouri for a family emergency.  They decided to take the van to Missouri in order to accommodate Bradley's medical condition at the time.  The doctors advised petitioners that Bradley, who was then in a full body cast, could not travel by air.  Petitioners also could not find a child care person who was willing to care for a child in a body shell.

On the recommendation of their certified public accountant, petitioners deducted the cost of the van and the conversions at a rate of $5,500 per year for 1991, 1992, 1993, 1994, and 1995.  Respondent audited petitioners' 1994 and 1995 tax returns and denied petitioners' depreciation deduction for both years.

OPINION

The issue presented is whether depreciation is deductible as a medical expense under section 213. Petitioners argue that the total cost of the van is deductible and is depreciable over 5 years as medical expense under section 213.

Respondent concedes that petitioners' expense of $4,406 to convert the van to meet the medical needs of their son was deductible for 1992, the year in which it was paid. Petitioners claimed medical expense deductions of $5,500 in 1992, which is in excess of the cost of the modifications of $4,406. Neither the deduction taken for medical expense on petitioners' 1992 tax return nor the equivalent depreciation deductions taken on their 1991 and 1993 tax returns were audited or disallowed, and they are not in issue in this case. Respondent's position is that only the cost of the modifications was deductible, but, in any event, depreciation is not an "expense paid" and, thus, is not deductible as a medical expense under section 213.

In general, deductions are not allowed for personal, living, or family expenses. See sec. 262(a). Section 213, however, creates an exception to this general rule and provides a deduction for medical expenses. Section 213 provides in part: "There shall be allowed as a deduction the expenses paid during the taxable year * * * for medical care of the taxpayer, his spouse, or a dependent * * * to the extent that such expenses exceed 7.5 percent of adjusted gross income." (Emphasis added.)

Medical expense is defined as "<u>amounts paid</u> * * * for transportation primarily for and essential to medical care". Sec. 213(d).  (Emphasis added.)

The Court has previously addressed the issue of whether depreciation is a deductible medical expense and held that depreciation is not an "expense paid" within the meaning of section 213.  See <u>Weary v. United States</u>, 510 F.2d 435 (10th Cir. 1975); <u>Elwood v. Commissioner</u>, 72 T.C. 264 (1979); <u>Gordon v. Commissioner</u>, 37 T.C. 986 (1962).  In <u>Pfersching v. Commissioner</u>, T.C. Memo. 1983-341, we explained our holding in language equally applicable here:

> We have great sympathy for petitioners and their conscientious efforts to deal with the unfortunate illness of their son.  We are, however, compelled to conclude that the van depreciation is not allowable because it does not meet the requirements of the statute.  Section 213(a) allows as a deduction certain expenses "paid during the taxable year" for "medical care."  Section 213(e) [now designated 213(d)] defines the term "medical care" to include amounts paid for "the diagnosis, cure, mitigation, treatment or prevention of disease, or for the purpose of affecting any structure or function of the body."  In addition, it includes "amounts paid" for "transportation primarily for and essential to" such care.
>
> Depreciation is not an "expense paid" or "amount paid" within the meaning of section 213.  Therefore, petitioner's claimed deduction cannot be allowed to the extent that it represents depreciation on the van. Respondent is sustained on this issue.  [Citations and fn. ref. omitted.]

We conclude that petitioners are not entitled to deduct depreciation as a medical expense deduction under section 213 in either 1994 or 1995.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155.</u>