**James E. BERRY and Edwina M. Berry, Plaintiffs,**

**v.**

**Earl R. WISEMAN, District Director of Internal Revenue, Defendant.**

Civ. No. 7833.

United States District Court

W. D. Oklahoma.

Oct. 3, 1958.

Robert G. Grove, Oklahoma City, Okl., James W. Rodgers, Jr., Holdenville, Okl., & J. Eben Hart, Oklahoma City, for plaintiff.

Leonard L. Ralston, Asst. U. S. Atty., Oklahoma City, Okl., and Deane E. McCormick, Jr., Tax Dept., Dept. of Justice, Washington, D. C., for defendant.

RIZLEY, District Judge.

This action having been tried before the Court, a jury trial having been waived, the Court makes and files the follow-

---

ing Findings of Fact and Conclusions of Law:

## Findings of Fact

From the sworn testimony of witnesses, the Court concludes the following to be facts:

### I

That during the year 1954, the plaintiffs, James E. and Edwina M. Berry, installed an elevator in their home at 502 Duck Street, Stillwater, Oklahoma, at a cost of $4,457.84; and that said amount was not reimbursed by insurance.

### II

That said installation was made and expense incurred upon advice of a competent medical doctor to alleviate an acute coronary insufficiency of Edwina M. Berry which was diagnosed on April 16, 1954, and that plaintiffs did not deduct said expense from gross income in 1954.

### III

That the installation of said elevator has contributed to the improvement of Edwina M. Berry's health.

### IV

That the plaintiffs consulted with and had inspection made by competent and experienced parties engaged in the installation of lifts and other devices that could be installed in the plaintiffs' home, and were advised that the most practical and least expensive lifting device that could be installed in the home of the plaintiffs would be an elevator.

That while the elevator so constructed was permanent that it did not have the effect of increasing the value of the property.

### VI

That the plaintiffs paid their income tax for the year 1954 and within due time filed with the defendant, Treasury Department Form No. 843, asking that the cost of the elevator be allowed as a medical expense; and, that the defendant denied said claim on the 29th day of March, 1957 by registered mail.

## Conclusions of Law

From consideration of the evidence, hearing argument of counsel and examination of authorities, the following conclusions of law are stated:

### I

This Court has jurisdiction of the parties hereto and the subject matter of this cause.

### II

That the cost of installation of the elevator by plaintiffs during the year of 1954 was a proper medical deduction within the meaning of Sec. 213 of the Internal Revenue Code of 1954, 26 U.S. C.A. § 213, and should have been allowed as such by defendant. Hollander v. Commissioner, 3 Cir., 219 F.2d 934; Alexander v. Commissioner, 72–389, 390 PH Fed. 1957.

### III

That plaintiffs are entitled to judgment against the defendant for such sum as may be determined by recomputation, with interest from the 15th day of April, 1955, until paid and for their costs.