RAYMON GERARD AND FRANCES GERARD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86042. Filed January 26, 1962.

*Raymon Gerard*, pro se.
*Norton L. Armour, Esq.*, for the respondent.

MULRONEY, *Judge:* Respondent determined a deficiency in petitioners' 1958 income tax in the amount of $333.45.

The only question is whether petitioners are entitled to a medical expense deduction for the total or some part of $1,300 expended for installing a central air-conditioning unit in their residence.

### FINDINGS OF FACT.

Some of the facts are stipulated and they are found accordingly.

Petitioners are husband and wife residing at 2 Clearview Drive, Framingham Centre, Massachusetts. The income tax return for the taxable year 1958 was filed with the district director of internal revenue for the district of Massachusetts.

Petitioners have a daughter who was born with cystic fibrosis, a disease for which there is no known cure. During the year 1958 petitioners' daughter was 9 years old.

Prior to their move to Massachusetts in 1958 petitioners lived in the State of New Jersey, and while living there traveled to Boston approximately three times a year so their daughter could be examined and cared for by Harry Shwachman, M.D., a leading authority on the disease of cystic fibrosis. Doctor Shwachman has cared for petitioners' daughter since she was 3 years old. Because petitioners wanted to be closer to the doctor, petitioner, Raymon Gerard, changed jobs and he and his family moved to Massachusetts. Petitioners' daughter does not attend school and is restricted to her home.

The disease of cystic fibrosis in petitioners' daughter has resulted in cystic fibrosis of the pancreas with extensive interference with her pulmonary ventilation, which makes it difficult for her to carry out physical activities. She also shows a great loss of salt through her sweat, which loss appears to be as much as five times that of a normal youngster. During hot weather and during febrile episodes there is a danger that she may lose sufficient salt through her sweat to result in a "salt depletion."

The condition of the lungs of the petitioners' daughter would be worsened by exposure to a dry, dusty environment, or by an atmosphere which would cause an increased irritation to her bronchial mucosa. In cystic fibrosis the mucous secretion in the lungs is extremely tenacious.

Since there is no cure, as yet, for cystic fibrosis, the attempt of physicians is to prevent further extension of the pulmonary disease process and the abnormal loss of salt by improving the environment of the afflicted children. Salt loss has resulted in the death of a number of children. The majority of youngsters that succumb with cystic fibrosis at the present time succumb as a result of the advance of chronic pulmonary infection.

One of the methods of combating the progress of the disease is the maintenance of a relatively constant temperature and a high humidity. Dr. Shwachman recommended to petitioners that they install an air-conditioning unit as a means by which the humidity and temperature could be controlled in the petitioners' home.

In 1958 petitioners installed in their home a central air-conditioning unit at a cost of $1,300, which installation increased the value of their home in the amount of $800. Petitioners deducted the $1,300 as medical expense in their 1958 return. Respondent determined the expenditure was not deductible as a medical expense "within the meaning of Section 213 of the Internal Revenue Code of 1954." This determination gives rise to the deficiency now in question.

**828**

OPINION.

Section 213(a)[1] as here applicable allows "as a deduction the * * amounts of the expenses paid during the taxable year, * * * fo medical care of the taxpayer, his spouse, or a dependent."

Section 213(e) defines the term "medical care" as follows:

SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES.

(e) DEFINITIONS.—For purposes of this section—

(1) The term "medical care" means amounts paid—

(A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), or

(B) for transportation primarily for and essential to medical care referred to in subparagraph (A).

It is well established that some form of control of temperature and humidity was a medical necessity in petitioners' home. Their daughter's illness made it dangerous for her to be exposed to dry, dusty air. The evidence shows petitioners had tried a room air-conditioning unit in their home in New Jersey but it was not satisfactory.[2] This restricted the child to one room for the entire day in order to get the beneficial effects and it was bad for her psychologically. It was the doctor who advised petitioners it would be better for the child to have the central unit so she could have the whole home as her restricted area. Children afflicted with cystic fibrosis have a special diet and they are treated with antibiotics given by mouth and by aerosols and they sleep every night in a tent which has additional antibiotics.

We think the expenditure of $1,300 for installing the air-conditioning unit was an expenditure for medical care for petitioners' dependent, within the scope of the above-quoted statute. But there is another statute which must be considered because of the nature of this expenditure.

Section 263(a)(1) provides in part: "No deduction shall be allowed for * * * Any amount paid out * * * for permanent improvements or betterments made to increase the value of any property."

The general rule, expressed in respondent's regulation and numerous cases, is that a medical care expenditure for what is a capital expenditure in the nature of a permanent improvement to the taxpayer's home is not deductible as medical expense. *Frank S. Delp*, 30 T.C. 1230; *John L. Seymour*, 14 T.C. 1111; sec. 1.213–1(e)(1)(iii), Income Tax Regs. However, it has been held, and respondent

---

[1] All section references are to the Internal Revenue Code of 1954, as amended.

[2] Petitioner testified he took a medical deduction for this room air conditioner. Respondent's regulation sec. 1.213–1(e)(1)(iii) lists some capital expenditures which can be medical deductions and the list includes an expenditure for "an air conditioner which is detachable from the property and purchased only for the use of a sick person."

dmits, that the mere fact that a medical care expenditure is also
a capital expenditure is not always sufficient to disqualify it for medical deduction. When the medical care expenditure is for a permanent addition to the taxpayer's home, deductibility as a medical expense depends upon whether it increases the value of the home. In *Berry v. Wiseman*, 174 F. Supp. 748 (W.D. Okla. 1958), the court held the cost ($4,400) of installing an elevator in taxpayer's home was deductible as medical expense. There the housewife petitioner suffered from acute coronary insufficiency and the elevator was installed upon the advice of her physician. The court found that the elevator was permanent but "that it did not have the effect of increasing the value of the property." In Rev. Rul. 59–411, 1959–2 C.B. 100,[3] respondent announced he would follow the case of *Berry* v. *Wiseman, supra*, and his ruling indicates the significant fact in that case was the finding that the installation of the elevator did not increase the value of the house.

Prior to the above ruling, we had decided the *Delp* case in 1958. While the issue in *Frank S. Delp, supra*, was different (whether the electric air cleaner was permanently affixed to the home), there is an expression in the opinion indicating the extent of value increase is to measure medical deductibility. There we said speaking generally of medical care expenditures that represent permanent improvements to property:

Such expenditures, to the extent the permanent improvement of the asset increases the value of the property, at least in a sense compensate for the expense of such improvement.

Respondent admits on brief where the taxpayer is able to show the medical care expenditure in the nature of a permanent addition to the residence does not increase the value of the home, it qualifies for medical deduction. We think it necessarily follows that where the taxpayer is able to show such increase in value is less than the expenditure, the amount in excess of value enhancement is deductible

---

[3] The said ruling states in part:

The Internal Revenue Service will follow the decision of the United States District Court for the Western District of Oklahoma in the case of *James E. Berry et ux.* v. *Earl R. Wiseman* (W.D. Okla. 1958), 174 F. Supp. 748.

The court ruled that the cost of an elevator installed in the taxpayers' residence was deductible as a medical expense. The elevator had been installed at a cost of some $4,400 on the advice of a doctor to alleviate an acute coronary insufficiency of Mrs. Berry.

Accordingly, expenditures made for medical purposes will not be disallowed merely because they are of a capital nature. However, it is the position of the Service that the capital nature of an expenditure will be a consideration in determining its deductibility. If such expenditures constitute amounts paid out for permanent improvements which *increase the value* of any property or estate, they will not be allowed as medical expense deductions.

Steps will be taken to modify outstanding rulings contrary to this court decision and to conform Treasury regulations promulgated under section 213 of the Internal Revenue Code of 1954.

# 830

as medical expense. Here the parties stipulate the cost of installing the air-conditioning unit was $1,300 and the unit increased the value of the home in the sum of $800. It follows that the balance, or $500, qualifies for medical deduction. We so hold.

Reviewed by the Court.

*Decision will be entered under Rule 50.*