C. Earle and Katherine M. Phares v. Commissioner.
Phares v. Commissioner
Docket No. 88565.
United States Tax Court
T.C. Memo 1962-273; 1962 Tax Ct. Memo LEXIS 35; 21 T.C.M. (CCH) 1446; T.C.M. (RIA) 62273; November 20, 1962
C. Earle Phares, pro se, Creighton Towers, Mobile, Ala. Robert G. Faircloth, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: The Commissioner determined a deficiency in income tax for the year 1958 in the amount of $330.32. The only question for decision is whether certain claimed expenses were deductible by petitioners as medical expenses. All the facts were stipulated. Those pertinent to a decision are set forth below: Petitioners, husband and wife, filed their joint Federal income tax return for the year 1958 with the district director of internal revenue at Birmingham, Alabama. Co-petitioner, C. Earle Phares, hereinafter referred to as the petitioner, while visiting his stepmother in Mobile, Alabama, in July 1958, along with his wife and daughter, suffered a heart attack *36 and was taken to Mobile Infirmary where he was placed under the care of Dr. William J. Atkinson, Jr. Petitioner was released from the hospital July 25, 1958, but ordered by his doctor to remain in bed for at least another month. Petitioner informed his doctor of his plans to return to his home in New York City at the earliest possible date. Whereupon he was advised, in view of past medical history of heart trouble, against making such a trip within 6 months or more from that date. Petitioner's history of heart trouble began on July 8, 1942, when he was stricken with a severe coronary thrombosis. In July 1944 he was rushed to the hospital with a second such attack. In December 1950 petitioner was again hospitalized with still anothe attack relating to the same diagnosis. On September 12, 1951, the petitioner became ill and, on October 1, 1951, his sickness was diagnosed as infectious hepatitis. This illness rendered the petitioner in a weakened condition to the extent that he was placed under weekly treatment from the combined effects of the hepatitis as well as the heart condition and a gall bladder disease. Early in 1957 petitioner underwent a cystoscopic and intravenous pyelogramonic *37 examination where it was determined he had multiple diverticulae of the bladder. After a time and due to his condition and past history of illness, petitioner was further advised by his physician that he would be unable to return to his home in New York City within the foreseeable future and recommended that he move South in order to minimize the chances of a recurrence of the heart attack. Upon being so advised, the petitioners arranged to move their home from New York City to Mobile, Alabama. Accordingly, petitioner's wife returned to New York City and undertook supervision of moving the household effects to Mobile, leaving the 19-year-old daughter to care for the petitioner. In connection with the move the petitioners incurred an expense of $312.88 representing the cost of his wife's round-trip to New York City from Mobile, Alabama. This expense was deducted on the 1958 return as a medical expense. While in New York petitioner's wife engaged Abb's Moving Service to transport their personal belongings and furniture to Mobile at a cost of $1,150.89. Petitioners deducted this amount as a medical expense on their 1958 income tax return. In order to terminate the tenancy of the *38 apartment in New York City, the petitioners expended the amount of $147.78. This charge of $147.48 was deducted as a medical expense on said return. Petitioners had a telephone installed in the Mobile apartment at a cost of $16.25. This was necessary in order that his doctor could be summoned quickly if needed. Said amount was deducted as a medical expense on petitioners' 1958 return. Petitioner's wife and daughter do not drive an automobile and it was necessary that petitioner either get someone to drive him to the doctor or drive himself. The doctor advised petitioner that he would not be able to drive an automobile without power steering. Whereupon, petitioner had power steering installed on his Rambler automobile at a cost of $192.84. Petitioners deducted this amount as a medical expense on their 1958 income tax return. The Commissioner found that none of the foregoing expenses is properly allowable as medical expenses as that term is used in section 213(e)(1), Internal Revenue Code of 1954. Section 213(e)(1), Internal Revenue Code of 1954, states that the term "medical care" means amounts paid - (A) for the diagnosis, cure, *39 mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), or (B) for transportation primarily for and essential to medical care referred to in subparagraph (A). The recent opinion of the Supreme Court in Commissioner v. Bilder, 369 U.S. 499, makes clear that the abovequoted section is to be narrowly construed. In reversing the Court of Appeals, the Supreme Court said: "We consider the Commissioner's position unassailable" wherein the Commissioner maintained that it was the purpose of Congress in enacting section 213(e)(1)(A) of the 1954 Code to deny deductions for all personal or living expenses incidental to medical treatment other than the cost of transportation of the patient alone, that exception having been expressly added by subdivision (B) to the definition of "medical care" in section 213(e)(1). It is thus definitely settled that no personal or living expenses which are incidental to medical treatment are deductible under section 213 except as provided in (e)(1)(B) with regard to the transportation of the patient alone and that transportation *40 needs to be essentially incident to the medical care of the patient. It would therefore seem that none of the expenditures relating to the transportation of petitioner's wife from Mobile, Alabama, to New York City and return, or the cost of moving his personal belongings from New York City to Mobile, fall within the exception to section 213(e)(1)(A), nor do we think that the sums paid for the release of the tenancy in New York City can be characterized as a medical expense within the meaning of section 213(e)(1)(A). The cost of the telephone must be regarded as a household expense as are other utilities. Neither do we think the installation of power steering in petitioner's automobile at a cost of $192.84 may properly be regarded as a medical expense although the doctor advised petitioner not to drive a car that did not have power steering. Even where certain facilities have been allowed as a medical expense, due regard was had to the increase in the value of the property affected. Riach v. Frank, 302 F. 2d 374 (C.A. 9, 1962); See Raymon Gerard, 37 T.C. 826. As respondent points out, the installation of power steering ordinarily adds to the value of *41 the automobile - a fact that petitioner does not deny. We hold that the expenditures in question were personal and incidental to the medical care of petitioner and as such are not deductible as medical expenses. Decision will be entered for the respondent.