Karlis A. Pols and Vera Pols v. Commissioner.
Pols v. Commissioner
Docket No. 2441-64.
United States Tax Court
T.C. Memo 1965-222; 1965 Tax Ct. Memo LEXIS 110; 24 T.C.M. (CCH) 1140; T.C.M. (RIA) 65222; August 13, 1965
Karlis A. Pols, pro se, R.D. #1, Feura Bush, N. Y. Arnold Y. Kapiloff, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioners' income taxes for the year 1962 in the amount of $221.66. The sole issue is whether petitioners are entitled to deduct a portion of the cost of the construction of an attached garage as a medical expense. Petitioners reside in a single family residence in a semi-rural area at Feura Bush, New York. They filed their joint individual income tax return for calendar year 1962 with the district director of internal revenue, Albany, New York. Vera Pols is a housewife, consequently, Karlis A. Pols will hereinafter be referred to as petitioner. Petitioners purchased the family home, subject of this case, *111 in 1954 for $8,000. The house is located on approximately 2 1/2 acres of land, is 25 feet by 30 feet in size, with 2 bedrooms upstairs and one bedroom downstairs. When purchased the house had a one-car, free-standing garage, about 70 feet from the house, but it was narrow so that the car doors could not be fully opened and after petitioner was injured in 1959 he could have gotten in and out of his garaged car only with great difficulty, if at all. In 1959 when petitioner was 46 years old, he suffered a traumatic fracture of the lower end of the right femur. Since that time he has undergone 5 operations, including a bone graft operation, but bone union has not been achieved and as late as May 1965, petitioner's right knee did not bend and walking was difficult for him even with crutches. A report dated September 9, 1963, by petitioner's attending physician was introduced into evidence by respondent. It indicates that at that time petitioner was seriously disabled, needed crutches or a leg brace and should do as little walking as possible. The report concludes, "Hence a garage near his home is essential." Petitioner's home is in an area which has severe winter weather and heavy snow *112 drifts often occur. Petitioner was able to drive his own automatic shift car to and from work [1] but because of his physical condition it was difficult and dangerous for him to get from his house to his car in the winter time. In 1962 petitioner, at an agreed cost of $1,335, had an attached one-car garage built on to his residence. Its construction was wood framing, brick veneer, concrete floor and asphalt shingle room. It had a manual overhead aluminum door and an inside door connected the garage to the house. A gravel driveway approximately 30 feet long led to the road in front of the house. The garage, when completed, increased the value of petitioner's residence property by $300. Section 1.213-1(e)(1)(iii), Income Tax Regs., provides in pertinent part: Capital expenditures are generally not deductible for Federal income tax purposes. * * * However, an expenditure which otherwise qualifies as a medical expense under section 213 shall not be disqualified merely because it is a capital expenditure. * * * Moreover, a capital expenditure for permanent improvement or betterment of property which would not ordinarily be for the purpose of medical care * *113 * * may, nevertheless, qualify as a medical expense to the extent that the expenditure exceeds the increase in the value of the related property * * *. Petitioner is a civil engineer. He testified that he was conversant with building costs and the values of properties similar to his own residence property (and we so find). The $1,335 cost of the attached garage was an agreed cost between petitioner and his contractor. Petitioner's estimate of a $300 increase in the value of his residence property, attributable to this garage seems reasonable, is uncontroverted by any other evidence of record and we have accepted it. We have recently considered section 213 of the Internal Revenue Code of 1954[2] in Raymon Gerard, 37 T.C. 826. In our opinion petitioner's attached garage had as its primary purpose the medical care of the petitioner, i.e., mitigation of the effects of his injury and disability. We conclude therefore that there are none but superficial differences between Gerard and the instant case. Also, see and compare Riach v. Frank, 302 F. 2d 374 (C.A. 9, 1962), and cases there cited. *114 Decision will be entered for the petitioner. Footnotes
1. A distance of about 10 miles for which no public transportation was available.↩
2. SEC. 213
(a) Allowance of Deduction. - There shall be allowed as a deduction the following amounts of the expenses paid during the taxable year, * * * for medical care of the taxpayer, * * *
(e) Definitions. - For purposes of this section - (1) The term "medical care" means amounts paid - (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body * * *, or (B) for transportation primarily for and essential to medical care referred to in subparagraph (A).↩