WILLIAM E. AND MARY LOUISE BEYERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beyers v. Commissioner
Docket No. 9925-76.
United States Tax Court
T.C. Memo 1979-353; 1979 Tax Ct. Memo LEXIS 170; 39 T.C.M. (CCH) 29; T.C.M. (RIA) 79353; September 5, 1979, Filed William E. Beyers, pro se. Mark E. Kropiewnicki, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $1,214 deficiency in petitioners' income tax for 1972. Due to concessions by petitioners, the sole issue remaining is whether petitioners are entitled to deduct the cost of renovation of a single family dwelling as a medical expense or as an expense for the care of an aged relative. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. At the time they filed their petition, petitioners were residents of Shippensburg, Pennsylvania. In July 1968 petitioners purchased a single family dwelling ("the house") on Queen Street in Shippensburg. This property was located next door to petitioners' residence. The house *171 was rented to unrelated tenants as a single family residence from 1968 through December 31, 1971. In 1971 it was decided that petitioner Mary Beyer's mother, Mrs. Lightner, should move into the house. Mrs. Lightner was 78 years old at the time, a diabetic, blind, and over-weight. Mrs. Lightner was barely able to get around by herself. In expectation of Mrs. Lightner's move into the house, petitioners spent $6,628 to convert the house into first floor and second floor apartments. To accommodate Mrs. Lightner, hand railings were installed in the bathroom and around the front and back porches of the house. On April 1, 1972, Mrs. Lightner moved into the first floor apartment. She resided there, rent-free, for the remainder of 1972. Petitioners initially intended to rent the second floor apartment during this period, but had to abandon that idea due to the state of Mrs. Lightner's illness. On their return for 1972, petitioners claimed a $3,533 rental loss with respect to the house. Petitioners also claimed Mrs. Lightner as an additional exemption and claimed the $386 cost of hand railings installed in the house for her as a medical expense deduction. In his notice of deficiency *172 respondent allowed the exemption for Mrs. Lightner and the medical expense deduction for hand railings, but disallowed $2,866 of the claimed rental loss. Prior to trial petitioners conceded that they were not entitled to the disallowed portion of the claimed rental loss, but alleged that they were entitled to a deduction for a portion of the cost of renovating the house as a medical expense or as an expense for care of an aged relative. OPINION In 1972 petitioners expended $6,628 to convert a single family rental unit into two apartments, one of which was subsequently used by petitioner Mary Beyer's dependent mother, Mrs. Lightner. Petitioners contend that they are entitled to deduct a portion of the cost of renovating the apartment for Mrs. Lightner as a medical expense deduction under section 213 [1] or, in the alternative, as an expense for the care of an aged relative. Respondent contends that petitioners have not shown that the expenditures were for the medical care of Mrs. Lightner within the meaning of section 213.Respondent also contends that there is no statutory provision which entitles petitioners to deduct the renovation costs as an expense for care of an aged relative. *173 Respondent does not dispute that Mrs. Lightner was petitioners' dependent during the year in issue. Section 213 provides a limited deduction for expenses of medical care of the taxpayer, his spouse, and dependents. Capital expenditures may qualify as deductible medical expenses although they permanently better or improve the related property if the capital expenditures have as their primary purpose the medical care of the taxpayer, his spouse or dependents. Sec. 1.213-1(e)(1)(iii), Income Tax Regs. However, if the capital expenditures are for permanent improvements that increase the value of the related property, they will be allowed as medical expenses only to the extent they exceed the increase in the value of the property. Sec. 1.213-1(e)(1)(iii), Income Tax Regs. See generally Gerard v. Commissioner,37 T.C. 826 (1962). The burden of proof is upon petitioners to show that they are entitled to the claimed deduction. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. In our judgment *174 petitioners have not carried their burden. Respondent allowed petitioners' claimed medical expense deduction for hand railings installed in the house to accommodate Mrs. Lightner. Petitioners presented no evidence to show that any portion of the remaining expenditures in issue were amounts paid for medical care of petitioners or Mrs. Lightner. Moreover, petitioners have not shown that the expenditures in issue were not capital expenditures which permanently bettered or improved their property or that the value of this property did not increase in an amount equal to the cost of these capital improvements. Accordingly, we conclude that petitioners have not shown that the expenditures for improvements to their house met the requirements of section 1.213-1(e)(iii), Income Tax Regs., and we therefore deny any deduction for the amount claimed under section 213 in excess of that which was previously allowed by respondent. Petitioners contend, alternatively, that the claimed expenditures are deductible as expenses for care of an aged relative. Petitioners did not direct us to any section of the Internal Revenue Code of 1954 which allows such a deduction, nor have we been able to *175 find any. Deductions from income are a matter of legislative grace. New Colonial Ice Co., Inc. v. Helvering,292 U.S. 435 (1934). Congress writes the tax laws; this Court cannot grant equitable relief. Hays Corporation v. Commissioner,40 T.C. 436, 442-443 (1963), affd. 331 F. 2d 422 (7th Cir. 1964), cert. denied 379 U.S. 842 (1964). We therefore have no alternative but to deny petitioners' claimed deduction. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩