PAUL A. LEREW and Estate of LOIDA LEREW, Deceased, TIMOTHY C. LEREW, Personal Representative, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Lerew v. Commissioner
Docket No. 9703-80.
United States Tax Court
T.C. Memo 1982-483; 1982 Tax Ct. Memo LEXIS 263; 44 T.C.M. (CCH) 918; T.C.M. (RIA) 82483; August 23, 1982. Paul A. Lerew and Timothy C. Lerew, pro se. Karen J. Simonson, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $3,571 in petitioners' Federal income taxes for the taxable year of 1977. The sole issue presented to us for decision is whether petitioners are entitled to a deduction for the costs of acquisition and maintenance of a swimming pool. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner Paul A. Lerew filed a joint Federal income tax return with his late wife, Loida Lerew, for the taxable year 1977. Paul and petitioner Timothy C. Lerew, personal representative for the estate of Loida Lerew, both resided *264 in Los Angeles, California, at the time the petition in this case was filed. Throughout 1977 Loida suffered from a widespread degenerative joint disease with associated arthralgias. Loida's condition, with which she had been afflicted for the prior 1-1/2 to 2 years, was rapidly worsening, and her physician determined it to be necessary to alleviate her symptomatology that she receive daily swimming exercise. Due to the exigency of the situation there was insufficient time to construct a swimming pool at Loida's home, so Loida and Paul decided to purchase a new home with a pool. The house they bought, complete with swimming pool, was acquired for a total purchase price of $250,000. Petitioners obtained 3 estimates as to the replacement cost of the swimming pool in the house they bought. Two estimates were received showing that it would cost $20,000 to construct a pool of the same specifications. A third estimate of $14,000 did not include the cost of decking, dressing rooms, and other items associated with the pool. Petitioners also obtained an opinion from Sheehan Realty that the pool increased the fair market value of the property by only $5,000. In preparing their 1977 *265 joint Federal income tax return, Loida and Paul claimed as a medical expense deduction $15,000. This amount represented the difference between what they believed to be the replacement cost of the pool ($20,000) and the increase to the value of the property which the pool represented ($5,000). Petitioners also claimed as a medical deduction $350 for the maintenance of the pool and $2,611 for other medical expenses, for a total of $17,961. In his statutory notice of deficiency, respondent disallowed $15,722 of the claimed deduction, of which $15,350, the alleged cost of the pool and maintenance, remains in dispute. OPINION Beginning in 1975 and continuing throughout the 1977 taxable year, Loida Lerew was a victim of a widespread degenerative joint disease. Loida's physician advised that it was medically necessary for her to receive daily swimming exercise in order to alleviate her symptomatology. In order to fill this prescription, Paul and Loida purchased a new home for themselves which had a swimming pool on the premises. Petitioners contend they are entitled to deduct the difference between the amount they estimated would have been required to construct a comparable pool *266 and the estimated increase in the fair market value of the home which would have resulted from such an expenditure. Section 213(a)(1)[1] allows as a deduction any expenses paid during the taxable year for the "medical care" of the taxpayer, his spouse, and dependents which are not compensated for by insurance or otherwise, but only to the extent such amount exceeds 3 percent of adjusted gross income. The term "medical care" is defined to include any amount paid "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body." Section 213(e)(1)(A). Respondent concedes the medical necessity of the expenditures presented here, and we therefore hold them to have been made for "medical care" within the meaning of the statute. Respondent challenges the claimed deduction under the authority of his regulations: *267 (e) Definitions.--(1) General. [A] capital expenditure for permanent improvement or betterment of property which would not ordinarily be for the purpose of medical care (within the meaning of this paragraph) may, nevertheless, qualify as a medical expense to the extent that the expenditure exceeds the increase in the value of the related property, if the particular expenditure is related directly to medical care. Such a situation could arise, for example, where a taxpayer is advised by a physician to install an elevator in his residence so that the taxpayer's wife who is afflicted with heart disease will not be required to climb stairs. If the cost of installing the elevator is $1,000 and the increase in the value of the residence is determined to be only $700, the difference of $300, which is the amount in excess of the value enhancement, is deductible as a medical expense. * * * [Sec. 1.213-1(e)(1)(iii), Income Tax Regs. (Emphasis supplied).] This regulation was patterned after the result reached by the various courts that home improvements which aid in medical care, although permanent additions to the residence and having the potential *268 for serving nonmedical purposes, are proper medical deductions to the extent that they do not increase the value of the property. [2]Wallace v. United States,439 F.2d 757, 759 (8th Cir. 1971); Oliver v. Commissioner,364 F.2d 575, 578 (8th Cir. 1966), affg. a Memorandum Opinion of this Court; Raich v. Frank,302 F.2d 374, 379 (9th Cir. 1962); Gerard v. Commissioner,37 T.C. 826, 829 (1962); accord Ferris v. Commissioner,582 F.2d 1112 (7th Cir. 1978), revg. a Memorandum Opinion of this Court. *269 Since respondent does not seem to seriously contest that the expenditures were made for the primary purpose of, and were related directly to, Loida's medical care, we are left with the issue of whether petitioners "paid during the taxable year" an amount in excess of any increase in value to the property resulting from the acquisition. [3]
Respondent argues, quite correctly, that petitioners cannot show that they incurred any expenses in excess of the increase in value to the property since any amount they might have paid in order to acquire the pool would by definition represent the increase in value to the property caused by the presence of the pool. Petitioners urge that they should be allowed to deduct the difference between what it would have cost to construct the pool in question and the lesser amount by which the pool enhances the value of their residential property. As appealing as such an argument may appear on its surface, this line of reasoning *270 is flawed, since the crucial figure is not the hypothetical cost of construction, but the actual price paid by petitioners for the pool--which assuming arm's-length dealing should be exactly equal to its fair market value. [4]
As to the matter of the pool maintenance fees, the entire amount thereof qualifies for a medical expense deduction even though the cost of the swimming pool itself is nondeductible. Sec. 1.213-1(e)(1)(iii), Income Tax Regs. Unfortunately, however, petitioners, upon whom the burden of proof is posited (Rule 142(a), Tax Court Rules of Practice and Procedure), failed to submit any proof of having paid any maintenance fees and accordingly the claimed deduction must be denied. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Respondent originally took the position that capital expenditures were not deductible under sec. 213 even though the expenditure might bear some relation to medical care. This view was embodied in sec. 1.213-1(e)(1)(iii), Income Tax Regs. as originally promulgated by T.D. 6279, 1957-2 C.B. 190. That regulation mentioned the cost of a swimming pool as an example of an expense which would not be deductible. Exceptions were to be made, however, for expenditures for medical care which related only to the sick person and were not related to permanent improvement or betterment of property. Respondent's rule restricting deduction of capital expenditures for medical care which are in the nature of a permanent improvement to the taxpayer's home was uniformly rejected by the courts. See e.g., Riach v. Frank,302 F.2d 374 (9th Cir. 1962); Gerard v. Commissioner,37 T.C. 826 (1962); Berry v. Wiseman,174 F. Supp. 748 (W.D. Okla. 1958). The Commissioner retreated from his position and in 1962 published T.D. 6604, 1962-2 C.B. 84, setting forth the regulation substantially in its present form allowing medical expense deductions for expenditures made for permanent improvements to the extent they do not increase the value of the property. See Rev. Rul. 59-411, 1959-2 C.B. 100↩.
3. We note that respondent also challenges whether any payment was made for medically-related expenses. However, quite clearly medical expenses can be incurred by purchases of assets as well as by their construction.↩
4. It should be readily apparent that petitioners are in reality in no worse position here for not having constructed the pool themselves (which they were prevented from doing by the exigencies of the situation).↩