MARJORIE BLACKBURN AND RAY C. BLACKBURN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blackburn v. Commissioner
Docket No. 1452-80.
United States Tax Court
T.C. Memo 1982-529; 1982 Tax Ct. Memo LEXIS 217; 44 T.C.M. (CCH) 1124; T.C.M. (RIA) 82529; September 15, 1982. *217 Petitioners claimed casualty loss for estimated cost of repairs to garage floor which cracked due to freezing weather. Petitioners also claimed medical deductions for medicine and drugs, air conditioning, and travel expenses. Held, cost of repairs method for establishing the amount of a casualty loss under sec. 1.165-7(a)(2)(ii), Income Tax Regs., is only satisfied by actual repairs and expenditures. Since petitioners only presented an estimate of the costs of repairs they are not entitled to any casualty loss. Held further, petitioners are not entitled to any deduction for medicine and drugs. Held further, petitioners are entitled to a medical deduction for air conditioning of $200. Held further, petitioners are entitled to a medical deduction for travel of $92.12. Marjorie Blackburn and Ray C. Blackburn, pro se. Frank R. DeSantis, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated October 30, 1979 respondent determined a deficiency of $566.46 in petitioners' Federal income tax for the taxable year 1976. The issues for decision are (1) whether petitioners are entitled *219 to a casualty loss deduction of $1,900; (2) whether petitioners are entitled to a deduction for medicine and drugs in excess of the amount allowed by respondent; (3) whether petitioners are entitled to a medical expense deduction of $380 for air conditioning to alleviate allergies; and (4) whether petitioners are entitled to a medical expense deduction of $425 for medical transportation. Some of the facts are stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners resided in Cleveland, Ohio at the time of filing the petition herein. They filed a joint Federal income tax return for the taxable year ended December 31, 1976 with the Internal Revenue Service Center, Cincinnati, Ohio. I. Casualty Loss.
On their 1976 return petitioners claimed a casualty loss deduction in the amount of $2,000 less the $100 floor presecribed by section 165(c), I.R.C. 1954, for damage to the cement floor of their garage. This damage arose when, due to freezing weather in December of 1976, ice formed in the drain in the garage cracking the floor. Mr. Blackburn stated that the claimed *220 deduction was based on his estimate of the cost of repairing the floor which would have involved replacing both the slab and the sewer underneath the concrete. Additionally, Mr. Blackburn testified that he had obtained some estimates for repairing the floor, one of which was $2,000, from an unspecified source. However, at the time of the trial, petitioners had not undertaken any repairs to the garage floor. In his notice of deficiency, respondent disallowed the claimed deduction because the petitioners failed to establish that they had suffered a deductible loss under section 165. Section 165(a) and (c), read together, allow a deduction for losses suffered by individuals as a result of damage to or destruction of nonbusiness property by reason of fire, storm or other casualty to the extent that the loss from each casualty exceeds $100 and is not compensated for by insurance or otherwise. The proper measure of such casualty loss is the difference between the fair market value of the property immediately before the casualty and its fair market value immediately thereafter, but not exceeding its adjusted basis. See Helvering v. Owens,305 U.S. 468, 471 (1939); *221 Millsap v. Commissioner,46 T.C. 751, 759 (1966), affd. 387 F.2d 420 (8th Cir. 1968); sec. 1.165-7(b)(1), Income Tax Regs.
It is well settled that in a suit to contest a deficiency determination the respondent's determination is presumptively correct and the burden of disproving it rests upon petitioners. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
At the outset respondent argues that petitioners are not entitled to the claimed casualty loss because they were not the true owners of the property. Petitioners, however, contend that they were not prepared to address this issue because there was no mention of it in respondent's notice of deficiency. It does appear that petitioners were unaware until trial that respondent intended to rely on lack of ownership as one ground for disallowing the deduction. Obviously to establish the requisite interest in the property, petitioners would have to present evidence of an entirely different nature from that required to establish the fact of, and amount of, loss. Consequently we believe it unfair to consider *222 this prong of respondent's case. See Estate of Horvath v. Commissioner,59 T.C. 551, 557 (1973). Nonetheless, unfortunately for petitioners, they still cannot prevail on this issue because they have failed to substantiate adequately the amount of the claimed casualty loss in that they did not introduce any evidence with respect to the fair market value of the home or garage before and after the damage. Petitioners are not saved by section 1.165-7(a)(2)(ii), Income Tax Regs., which provides that the cost of repairs to the damaged property is acceptable as evidence of the loss of value if (1) the repairs are necessary to restore the property to its condition immediately before the casualty; (2) the amount spent for such repairs is not excessive; (3) the repairs do not care for more than the damage suffered; and (4) the value of the property after the repairs does not as a result of the repairs exceed its value immediately before the casualty. Here, petitioners represented that the cost of repairs would have been $2,000. The evidence in support of this asserted amount was weak, to say the least. Furthermore, at the time of trial petitioners *223 had not undertaken such repairs. We have previously held that the cost of repairs method for measuring a casualty loss applies only to repairs and expenditures actually made. Lamphere v. Commissioner,70 T.C. 391, 396 (1978); Farber v. Commissioner,57 T.C. 714, 719 (1972). Consequently, we conclude that petitioners cannot utilize the cost of repairs method as provided in section 1.165-7(a)(2)(ii), Income Tax Regs. In sum, we must disallow the deduction for a casualty loss. II. Deduction For Medicine and Drugs.
On their 1976 return petitioners claimed a deduction of $329.70 for medicine and drug expenses. According to their return, petitioners expended $100.20 for unreimbursed drugs during the year. Additionally, petitioners claimed medicine and drug expenses of $229.50 which represented amounts spent for "prescribed vitamins, [S]oquette, wetting solution, aspirin, athletic supports for testical infection, [Band-Aids], callous pads, etc." In his notice of deficiency, respondent allowed the $100.20 expended by petitioners for prescription drugs but disallowed the additional $229.50 of expense claimed for *224 the other items. This disallowance resulted from petitioners' failure to itemize their expenditures. Since respondent believed that many of the items claimed by petitioners as nonprescription drugs on their return were not properly deductible, the entire amount was disallowed. [1]
Section 213(a) permits a deduction for certain medical expenses not compensated for by insurance or otherwise to the extent such amounts expended exceed 3 percent of adjusted gross income for the taxable year. In computing a taxpayer's allowable medical expenses, amounts expended for medicine and drugs are only included to the extent such amounts exceed 1 percent of adjusted gross income for the taxable year. Sec. 213(b). The term "medicine and drugs" is defined in the regulations to include only items which are legally procured and which are generally accepted as falling *225 within the category of medicine and drugs. The term does not include such items as toiletries (toothpaste, shaving lotion, shaving cream, etc.), cosmetics (face creams, deodorants, hand lotions, etc.), or sundry items. Sec. 1.213-1(e)(2), Income Tax Regs.
In order to obtain a deduction under section 213, the taxpayer must furnish the name and address of each person to whom payment for medical expenses was made and the amount and date of each such payment. Additionally, the taxpayer must be prepared to substantiate his claims for deductions by supplying an itemized invoice showing the nature of the services rendered and to, or for whom, such services were rendered; and, with respect to any other item of expense, the nature of the expense, for whom incurred, and the specific purpose of the expense. Sec. 1.213-1(h), Income Tax Regs.
As previously stated, respondent allowed the $100.20 claimed by petitioners for medicine and drugs. Since this amount did not exceed 1 percent of the petitioners' adjusted gross income ($161.46) the notice of deficiency did not include any deduction for medicine and drugs. Overlooking the fact *226 that petitioners should have shown the receipts to respondent prior to trial, we have examined them and find that petitioners are entitled to an additional $30.11 for medicine and drugs. In calculating this amount, no deduction was allowed for vitamins since petitioners failed to introduce any evidence that the vitamins were purchased pursuant to the instructions of a physician. [2]
Since the total amount allowed for medicine and drugs ($130.31) is still less than 1 percent of their adjusted gross income ($161.46), they are not entitled to any deduction for medicine and drugs. III. Deduction For Air Conditioning.
On their 1976 return petitioners claimed a medical expense of $380 for "air conditioning for allergies." Petitioner Marjorie Blackburn testified that she suffers from allergies during the summer months and introduced a signed statement from her physician recommending that she use air conditioning to help maintain her good health. The petitioners *227 claim that their total air conditioning expense consisted of an electricity expense for the house air conditioning, a gasoline expense for the car air conditioning, and depreciation on the air conditioners. However, petitioners introduced no evidence indicating how the figure of $380 was calculated. Respondent does not seriously dispute that the air conditioning was for medical purposes, but contends that, because petitioners failed to substantiate the expenses attributable to the use of the air conditioning, they are not entitled to the deduction for such expenditures. The cost of an air conditioning unit, plus the operating expenses, less any resale or salvage value, constitute an allowable deduction as a medical expense provided that the need for it is substantiated by evidence showing that it is used primarily for the alleviation of a taxpayer's illness and provided further that the device has not become a permanent part of the taxpayer's dwelling. [3] In the case of an air conditioning unit which constitutes a permanent addition to the taxpayer's home, deductibility as a medical expense depends on whether it increases the value of the taxpayer's home. Where the taxpayer is *228 able to show that the cost of the air conditioning unit exceeds the increase in value to his residence, the amount in excess of value enhancement is deductible as a medical expense under section 213. Gerard v. Commissioner,37 T.C. 826, 829 (1962); sec. 1.213-1(e)(1)(iii), Income Tax Regs.
In the case at hand, petitioners have failed to present any evidence with respect to whether their air conditioning units were removable or a permanent addition to their house. Also, petitioners failed to introduce any evidence of the cost of the air conditioning units used or their effect, if permanent additions, on their house's fair market value. Furthermore, although the petitioners testified that the air conditioning cost them approximately $60 to run for four months of the year, they failed to offer any evidence substantiating this figure. Nevertheless, we do believe that the petitioners must have incurred some costs in utilizing the air conditioners, and that at least a portion of *229 such usage was for medical purposes. Thus, applying the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), and bearing heavily against the taxpayers "whose inexactitude is of [their] own making," [4] we find that the petitioners are entitled to a medical expense deduction for air conditioning of $200. IV. Deduction For Medical Transportation.
On their 1976 return petitioners claimed a deduction for medical transportation of $425. However, they admitted at trial that this figure was computed using an inflated rate of $ .20 per mile and asserted that they should properly be entitled to a deduction for medical transportation in the amount of $110.60 (computed using a figure of $ .07 per mile). Petitioners also claimed parking expenses of $19.50, bringing their total claimed deduction to $130.10. On brief, petitioners increased their claimed deduction to $282. The only evidence introduced by petitioners in support of their claimed deduction was their oral testimony at trial. They stated that they made numerous automobile trips to various doctors and laboratories *230 along with 51 trips to their local drugstore. The respondent disallowed the claimed deduction in its entirety for failure of the petitioners to carry their burden of proof. Section 213(e)(1)(B) defines the term "medical care" to include transportation primarily for and essential to medical care. In 1976, the standard mileage rate for computing the cost of operating an automobile in connection with transportation for medical care was $ .07 per mile with parking fees and tolls deductible as separate items. [5]
After reviewing petitioners' testimony, we believe that they are entitled to a deduction based on medical transportation totaling 1,316 miles which translates into $92.12. Petitioners accounted for such mileage with their detailed testimony of trips to various doctors, hospitals and clinics. Respondent's challenge to the mileage and purpose of the trips was not supported by any evidence directly contradicting that offered by petitioners. The 204 miles attributable to trips to the drugstore have been excluded from the mileage *231 allowed since the petitioners failed to present evidence that such trips were primarily for medical reasons. Similarly, the petitioners also are not entitled to any deduction for parking fees since they offered no evidence with respect to the time or place of such alleged expenditures. Accordingly, Decision will be entered under Rule 155.
Footnotes
1. The facts were complicated by petitioners' introduction into evidence of receipts for those items not previously received by the respondent.↩
2. See Lingham v. Commissioner,T.C. Memo. 1977-152. Cf. Hammons v. Commissioner,↩ a Memorandum Opinion of this Court dated Nov. 24, 1953 (cost of vitamins prescribed by a physician held deductible).
3. We note that the statement of law above is the same as respondent's position on this point enunciated in Rev. Rul. 55-261, 1955-1 C.B. 307↩.
4. Cohan v. Commissioner,39 F.2d 540, 544↩ (2d Cir. 1930).
5. Rev. Proc. 74-24, 1974-2 C.B. 477↩.